## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **HERITAGE MINISTRIES D/B/A** | ) | |
| **HOMESTEAD HERITAGE;** | ) | |
| **HERITAGE BARNES, LLC D/B/A** | ) | |
| **HERITAGE RESTORATIONS;** | ) | |
| **MATTHEW BRANDSTADT;** | ) | |
| **BRIAN BRANSTADT; and** | ) | |
| **DANIEL BRANDSTADT,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **Plaintiffs,** | ) | **3:24-CV-01267-HNJ** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HEIDI CAROLINE FEEK;** | ) | |
| **TOWNSQUARE MEDIA, INC.** | ) | |
| **D/B/A TASTE OF COUNTRY; and** | ) | |
| **CARENA ELIZABETH LIPTAK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER TO COMPLAINT

Defendant Townsquare Media, Inc. d/b/a Taste of County ("Townsquare")
answers Plaintiffs' Complaint as follows:

### Nature of the Action

1.     Townsquare admits that Mr. Hodges and Ms. Feek have initiated legal
action in the Juvenile Court for Maury County, Tennessee, seeking changes to the
Minor's custodial arrangement. Townsquare lacks knowledge or information
sufficient to form a belief as to the truth of the remaining allegations set forth in
Paragraph 1 and on that basis denies them.

2.    Townsquare admits that Taste of Country published an article on August 29, 2024, called "Rory Feek's Daughters are Pursuing Legal Action Against Him – Here's Why [Exclusive]" (the "Article"). Townsquare denies that the Article contains false, defamatory, and harmful statements about Plaintiffs. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 and on that basis denies them.

### Parties

3.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and on that basis denies them.

4.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and on that denies them.

5.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 and on that basis denies them.

6.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and on that basis denies them.

7.    Townsquare admits that it is a corporation organized under the law of Delaware with its principal place of business in New York, and therefore, it is a

citizen of the States of Delaware and New York. In addition, Townsquare admits that it has owned and operated a website (www.tasteofcountry.com) and an X account. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 and on that basis denies them.

8.    Townsquare admits that Carena Liptak is an Associate Editor and State Writer at Taste of Country and a citizen of the State of New York. Townsquare denies that Ms. Liptak is a citizen of the State of Kentucky.

## Jurisdiction and Venue

9.    Paragraph 9 asserts a legal conclusion to which no response is required. To the extent a response may be required, Townsquare does not contest subject matter jurisdiction.

10.    Paragraph 10 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Townsquare denies the allegations set forth in Paragraph 10.

11.    Paragraph 11 is not directed at Townsquare and asserts a legal conclusion to which no response is required.  To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and on that basis denies them.

12.    Paragraph 12 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Townsquare does not contest personal jurisdiction as to Townsquare.

13.    Paragraph 13 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Townsquare denies the allegations set forth in Paragraph 13.

14.    Townsquare admits that Taste of Country is a national online news source that has viewers in Alabama. Townsquare denies the remaining allegations set forth in Paragraph 14.

15.    Townsquare admits that Ms. Liptak communicated with Defendant Heidi Feek as part of her prepublication investigative work related to the Article.

16.    Paragraph 16 asserts a legal conclusion to which no response is required.  To the extent a response may be required, Townsquare denies the allegations set forth in Paragraph 16.

## Facts

17.    Townsquare does not dispute that Homestead Heritage was formed in 1973. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 and on that basis denies them.

18.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and on that basis denies them.

19.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and on that basis denies them.

20.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and on that basis denies them.

21.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and on that basis denies them.

22.    Townsquare denies that the Article contains defamatory statements about Homestead Heritage and that the Article caused "reputational harm and actual losses to Homestead Heritage itself." Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 and on that basis denies them.

23.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 and on that basis denies them.

24.     Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 and on that basis denies them.

25.     Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and on that basis denies them.

26.     Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 and on that basis denies them.

27.     Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 and on that basis denies them.

28.     Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 and on that basis denies them.

29.     Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 and on that basis denies them.

30.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 and on that basis denies them.

31.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 and on that basis denies them.

32.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 and on that basis denies them.

33.    Townsquare does not dispute that Rory and the Minor's school teacher, Rebecca, got married at Greycliff Mill in Greycliff, Montana. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 and on that basis denies them.

34.    Paragraph 34 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 and on that basis denies them.

35.    Paragraph 35 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 and on that basis denies them.

36.    Paragraph 36 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 and on that basis denies them.

37.    Paragraph 37 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 and on that basis denies them.

38.    Paragraph 38 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 and on that basis denies them.

39.     Paragraph 39 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 39 and on that basis denies them.

40.     Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 and on that basis denies them.

41.     Paragraph 41 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 and on that basis denies them.

42.     Paragraph 42 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42 and on that basis denies them.

43.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 and on that basis denies them.

44.    Paragraph 44 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 and on that basis denies them.

45.    Paragraph 45 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 and on that basis denies them.

46.    Paragraph 46 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 and on that basis denies them.

47.    Paragraph 47 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from

Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 47 and on that basis denies them.

48.    Townsquare lacks information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 48 and on that basis denies them.

49.    Paragraph 49 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 and on that basis denies them.

50.    Paragraph 50 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 and on that basis denies them.

51.    Townsquare admits that on August 29, 2024, Taste of Country published "Rory Feek's Daughters are Pursuing Legal Action Against Him – Here's Why [Exclusive]" (the "Article"). Townsquare denies the remaining allegations set forth in Paragraph 51.

52.    Admitted.

53.    Denied.

54.    As for the quoted excerpts from the Article, Townsquare states that the Article speaks for itself, and no response is required. Townsquare otherwise denies that the Article is false or defamatory and denies all of the remaining allegations in Paragraph 54.

55.    Townsquare admits that the Article incorporates a link to a YouTube video of an ABC News Report. Townsquare denies the remaining allegations set forth in Paragraph 55.

56.    Denied.

57.    Denied.

58.    Townsquare lacks information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 58 and on that basis denies them.

59.    Paragraph 59 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 59 and on that basis denies them.

60.    Paragraph 60 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be

required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 and on that basis denies them.

61.    Denied as to Townsquare. The remaining allegations of Paragraph 61 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 61.

62.    Paragraph 62 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 62 and on that basis denies them.

63.    Paragraph 63 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 63 and on that basis denies them.

64.    Paragraph 64 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be

required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 and on that basis denies them.

65.    Paragraph 65 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 65 and on that basis denies them.

66.    Paragraph 66 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 and on that basis denies them.

67.    Townsquare lacks information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 67 and on that basis denies them.

68.    Townsquare lacks information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 68 and on that basis denies them.

69.    Townsquare lacks information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 69 and on that basis denies them.

70.    Paragraph 70 is not directed at Townsquare and therefore no response is required. To the extent a response may be required, Townsquare states that Heidi

Feek's posts on social media speak for themselves and require no response from Townsquare. Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 70 and on that basis denies them.

71.    Townsquare lacks information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 71 and on that basis denies them.

72.    Paragraph 72 is not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 and on that basis denies them.

73.    Denied as to the Townsquare. The remaining allegations of Paragraph 73 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 73.

74.    Denied as to the Townsquare. The remaining allegations of Paragraph 74 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 74.

75.    Denied as to the Townsquare. The remaining allegations of Paragraph 75 are not directed at Townsquare and contain legal conclusions and therefore no

response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 75.

76.     Townsquare lacks information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 76 and on that basis denies them.

77.     Denied as to the Townsquare. The remaining allegations of Paragraph 77 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 77.

78.     Denied as to the Townsquare. The remaining allegations of Paragraph 78 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 78.

79.     Denied.

80.     Denied.

81.     Townsquare admits that on August 29, 2024, Plaintiffs sent a retraction demand to the Townsquare and that Townsquare did not remove or edit the Article. Townsquare denies that the Article contains defamatory statements.

82.     Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and on that basis denies them.

83.    Denied as to the Townsquare. The remaining allegations of Paragraph 83 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 83.

84.    Denied as to the Townsquare. The remaining allegations of Paragraph 84 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 84.

85.    Denied as to the Townsquare. The remaining allegations of Paragraph 85 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 85.

86.    Denied as to the Townsquare. The remaining allegations of Paragraph 86 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 86.

## Count One
## Defamation Per Se by Ms. Feek

87.    Townsquare incorporates its responses to the allegations in Paragraph 1-86 above as if set forth fully herein.

88.    Paragraph 88 not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 and on that basis denies them.

89.    Paragraph 89 not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and on that basis denies them.

90.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis denies them.

91.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies them.

92.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and on that basis denies them.

93.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and on that basis denies them.

94.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis denies them.

95.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and on that basis denies them.

96.    Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies them.

97.    Paragraph 97 not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 and on that basis denies them.

98.    Paragraph 98 not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 and on that basis denies them.

99.    Paragraph 99 not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 and on that basis denies them.

### Count Two
### Defamation Per Quod by Ms. Feek

100.    Townsquare incorporates its responses to the allegations in Paragraph 1-99 above as if set forth fully herein.

101.    Paragraph 101 not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 101 and on that basis denies them.

102.    Paragraph 102 not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 and on that basis denies them.

103.    Paragraph 103 not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 and on that basis denies them.

104.    Paragraph 104 not directed at Townsquare and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 and on that basis denies them.

**Court Three**

**Defamation Per Se by Townsquare Defendants' Publication of the August 29, 2014 Article**

105.   Townsquare incorporates its responses to the allegations in Paragraph 1-104 above as if set forth fully herein.

106.   Townsquare admits that the Article was published on August 24, 2024. Townsquare denies the remaining allegations set forth in Paragraph 106.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Townsquare admits that it did not remove or edit the Article. Townsquare denies the remaining allegations set forth in Paragraph 113.

114.   Townsquare denies that Plaintiff is entitled to any of the relief claimed in Paragraph 114.

**Count Four**

**Defamation Per Quod by Townsquare Defendants' Publication of the August 29, 2024 Article**

115.   Townsquare incorporates its responses to the allegations in Paragraph 1-114 above as if set forth fully herein.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

## Court Five
### Unjust Enrichment (Against All Defendants)

120.   Townsquare incorporates its responses to the allegations in Paragraph 1-119 above as if set forth fully herein.

121.   Denied as to the Townsquare. The remaining allegations of Paragraph 121 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 121.

122.   Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and on that basis denies them.

123.   Townsquare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and on that basis denies them.

124.   Denied.

125.   Denied.

126.   Denied as to the Townsquare. The remaining allegations of Paragraph 126 are not directed at Townsquare and contain legal conclusions and therefore no

response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 126.

## Count Six
### Intentional Infliction of Emotional Distress (Against All Defendants)

127.   Townsquare incorporates its responses to the allegations in Paragraph 1-126 above as if set forth fully herein.

128.   Denied as to the Townsquare. The remaining allegations of Paragraph 128 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 128.

129.   Denied as to the Townsquare. The remaining allegations of Paragraph 129 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 129.

## Count Seven
### False Light Invasion of Privacy (Against All Defendants)

130.   Townsquare incorporates its responses to the allegations in Paragraph 1-129 above as if set forth fully herein.

131.   Denied as to the Townsquare. The remaining allegations of Paragraph 131 are not directed at Townsquare and contain legal conclusions and therefore no

response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 131.

132.   Denied as to the Townsquare. The remaining allegations of Paragraph 132 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 132.

133.   Denied as to the Townsquare. The remaining allegations of Paragraph 133 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 133.

134.   Denied as to the Townsquare. The remaining allegations of Paragraph 134 are not directed at Townsquare and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare denies the remaining allegations of Paragraph 134.

135.   Townsquare denies that Plaintiffs are entitled to any of the relief claimed in Paragraph 135 or the unnumbered WHEREFORE paragraph following Paragraph 135.

## **GENERAL DENIAL**

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Townsquare denies all allegations,

declarations, claims or assertions in the Complaint that are not specifically admitted in this Answer.

## DEFENSES

By alleging the separate and additional defenses set forth below, Townsquare is not in any way agreeing or conceding that they have the burden of proof or the burden of persuasion on any of these issues.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the First and Fourteenth Amendments to the Constitution of the United States and Article I, Section 5 of the Alabama Constitution.

## THIRD DEFENSE

Any allegedly defamatory statement or implication about Plaintiffs is true or substantially true, and Plaintiffs cannot carry their burden of proving that any such statement or implication is materially false.

## FOURTH DEFENSE

Some or all of the statements at issue are not reasonably capable of the defamatory meaning attributed to them by Plaintiffs.

## FIFTH DEFENSE

Townsquare acted without malice, in both the constitutional sense and the common law sense, and without the requisite scienter, in both the constitutional sense and the common law sense, in all of its conduct relating to the statements at issue.

## SIXTH DEFENSE

Townsquare acted without fault, as required by the United States Constitution, in all of its conduct relating to the statements at issue.

## SEVENTH DEFENSE

Plaintiffs have not suffered any actual monetary damages.

## EIGHTH DEFENSE

By reason of the First and Fourteenth Amendments to the Constitution of the United States, Defendants are immune from liability for punitive or exemplary damages under the circumstances alleged in the First Amended Complaint.

## NINTH DEFENSE

Plaintiffs' demand for punitive damages is barred by the First, Fifth and Fourteenth Amendments to the Constitution of the United States and by Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because Alabama law allows for the imposition of punitive damages in an arbitrary and capricious manner, does

not provide adequate notice to Townsquare of the severity of the award and is neither rationally related to any legitimate government interest nor narrowly tailored.

## TENTH DEFENSE

The imposition of punitive damages under Alabama law is unconstitutional because it permits the imposition of an excessive criminal fine and does not require proof beyond a reasonable doubt.

## ELEVENTH DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because the procedures under Alabama law for awarding punitive damages do not provide specific standards on which the award may be based and permit different awards for the same or similar acts.

## TWELFTH DEFENSE

Alabama law permitting the imposition of punitive damages is unconstitutionally vague because there are no specific standards by which such an award is made.

## THIRTEENTH DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections

1, 4, 6, and 22 of the Alabama Constitution because the procedures for such an award do not provide for a reasonable limit on the amount of the award.

## FOURTEENTH DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because a defendant is not given notice of the conduct that would subject the defendant to punishment or the severity of the penalty that may be imposed solely by the unbridled discretion of the jury.

## FIFTEENTH DEFENSE

Townsquare asserts that an award of punitive damages may not exceed the limits imposed under Alabama Code § 6-11-21, as amended.

## SIXTEENTH DEFENSE

Townsquare asserts that punitive damages may not be imposed for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant under Alabama Code § 6-11-27.

## SEVENTEENTH DEFENSE

Plaintiffs' claims against Townsquare are barred in whole or in part by the equitable doctrine of unclean hands.

## EIGHTEENTH DEFENSE

Venue in this action may be improper, or in the alternative, may be more appropriate in another forum.

## NINETEENTH DEFENSE

The subject publication concerns a matter of public interest regarding a public figure/official.

## TWENTIETH DEFENSE

Townsquare avers that the publication is privileged by Ala. Code § 13A-11-161.

## TWENTY-FIRST DEFENSE

Townsquare asserts the protections afforded them under Ala. Code § 12-21-142 and § 6-5-180, *et seq.*

## TWENTY-SECOND DEFENSE

To award Plaintiffs damages for alleged pain and suffering, mental anguish, or emotional distress in the absence of any standards for the determination of pain and suffering, mental anguish, or emotional distress and/or the absence of any requirement for corroborating or objective evidence of pain and suffering, mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Townsquare avers that such an award in this case would violate both the

Alabama Constitution and the United States Constitution and for the other separate and several reasons stated herein.

## TWENTY-THIRD DEFENSE

Any claim Plaintiffs may assert for alleged mental anguish is barred absent a showing of actual physical injury or physical manifestation of mental anguish/emotional distress. Plaintiffs are not entitled to recover damages for such alleged mental anguish unless Plaintiffs produce evidence proving that the alleged mental anguish was so severe that an ordinary person would not be expected to endure it.

## ADDITIONAL DEFENSES

Townsquare hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Complaint, it is unable to determine whether it has additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer.  Townsquare thus reserves its right to amend its Answer, to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

## JURY DEMAND

Townsquare demands a trial by jury of all issues triable by jury.

**WHEREFORE**, Townsquare respectfully requests that:

a. Plaintiffs' Complaint be dismissed in its entirety with prejudice; and

b. Such other relief as the Court deems just and proper.

Dated: November 13, 2024.

Respectfully submitted,

 */s/ John G. Thompson*
John G. Thompson
*jthompson@lightfootlaw.com*
Tatum L. Jackson
*tjackson@lightfootlaw.com*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of November, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

R. Aaron Chastain (CHA098)
J. Graham Gilmore (GIL095)
*ggilmore@bradley.com*
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

*/s/ John G. Thompson*
OF COUNSEL