# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **HERITAGE MINISTRIES D/B/A HOMESTEAD HERITAGE; HERITAGE BARNS, LLC D/B/A HERITAGE RESTORATIONS; MATTHEW BRANDSTADT; BRIAN BRANDSTADT; and DANIEL BRANDSTADT,**<br><br>Plaintiffs,<br><br>v.<br><br>**HEIDI CAROLINE FEEK; TOWNSQUARE MEDIA, INC. D/B/A TASTE OF COUNTRY; and CARENA ELIZABETH LIPTAK,**<br><br>Defendants. | Case No.: 3:24-CV-01267-LCB<br><br>**OPPOSED** |

---

### PLAINTIFFS' COMBINED REPLY IN SUPPORT OF ITS MOTION FOR LIMITED JURISDICTIONAL DISCOVERY AND OPPOSITION TO MOTION FOR PROTECTIVE ORDER

---

Plaintiffs Heritage Ministries d/b/a Homestead Heritage ("Homestead Heritage"), Heritage Barns LLC d/b/a Heritage Restorations ("Heritage Restorations" and together with Homestead Heritage, "Heritage") Matthew Brandstadt, Brian Brandstadt, and Daniel Brandstadt (the "Brandstadts" and together with Heritage, the "Plaintiffs"), submit this combined reply in support of

1

their motion for limited jurisdictional discovery (Doc. 25) and opposition to the Townsquare Defendants' motion for a protective order (Doc 30).

## ARGUMENT

I.     **Plaintiffs Established a Prima Facie Case of Personal Jurisdiction.**

Discovery on jurisdictional issues is appropriate because Plaintiffs have offered more than conjecture, have at least alleged facts against Defendant Carena Liptak ("Liptak") that would support a colorable claim of jurisdiction (*see Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459, 468 (Ala. 2003)), and Plaintiffs are "not required to rely exclusively on [Liptak's] affidavit for resolution of a jurisdictional issue." *Speed v. Gestamp N. Am., Inc.*, No. 2:16-CV-01109-MHH, 2017 WL 1047621 at *2 (N.D. Ala. Mar. 20, 2017).

**A. Plaintiffs Alleged Purposeful Contacts by Liptak with Alabama.**

A defendant challenging personal jurisdiction must present evidence to **counter** the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). "Where . . . the Defendant submits affidavit(s) to the **contrary**, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier*, 288 F.3d at 1269. Here, Liptak's affidavit does not counter Plaintiffs' allegations.

Liptak's opposition (Doc. 30) argues the Plaintiffs failed to meet their burden for jurisdictional discovery. However, this burden is low because Liptak

2

failed to counter Plaintiffs' allegations—Liptak does not deny that she corresponded with Feek in Alabama in preparation for publishing the Article. Thus, there is no true dispute the Article arose from her contact with Alabama. (*See* Liptak Affidavit ¶¶ 7-8) ("I reached out to Heidi Feek via Instagram direct message to discuss the events leading to her decision to initiate legal action. I spoke with Heidi Feek eight times by phone and seven times by email to gather information for the Article."). This does not counter Plaintiffs' allegations.[1]

Rather, these admissions alone demonstrate that Liptak purposefully availed herself of Alabama as a forum, satisfying the minimum contacts requirement. *See Standard Metals Processing, Inc. v. Flechner*, No. 4:14-CV-00998-SGC, 2015 WL 1407751, at *7 (N.D. Ala. Mar. 26, 2015) ("Email communications, telephone calls, and letters may provide sufficient contacts for the exercise of personal jurisdiction."); *see also Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir.

---

[1] Plaintiffs alleged specific personal jurisdiction exists over Townsquare Defendants because the claims "arise from Defendants' transacting business in Alabama and causing tortious injury by acts or omissions in Alabama and particularly in Lauderdale County, Alabama." (Doc. 1, ¶ 12). Plaintiffs also alleged that "by interviewing Ms. Feek in Alabama and publishing the defamatory statements in the Taste of Country website, the Townsquare Defendants purposefully established significant contact with Alabama." *Id.* Finally, Plaintiffs alleged "exercising jurisdiction here would not offend traditional notions of fair play and substantial justice because Townsquare Defendants could and should have foreseen being sued in an Alabama federal or state court to account for their defamatory statements arising from its contacts with Alabama." *Id.* Liptak's own affidavit confirms these contacts, acknowledging that she initiated conversations with Feek in Alabama to gather information.

1988)[2] ("In proper circumstances, even a single letter or telephone call to the forum state may meet due process standards." (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985) ("So long as it creates a 'substantial connection' with the forum even a single act can support jurisdiction.")); *Moderson v. MFK Mobilelink Wisconsin, LLC*, 630 F. Supp. 3d 1059, 1072 (E.D. Wis. 2022) ("In other words, specific personal jurisdiction can exist based on even only a mere few instances of communication directed to the forum state where the communication(s) relate to the subject matter of the action and demonstrate(s) a purposeful invocation of the benefits and protections of the forum state.").

Here, it does not matter that Liptak has not set foot in Alabama. She affirmatively reached out to an Alabama resident (Feek) to research her story and subsequently wrote an article regarding Feek's rationale for suing her father—to obtain custody of her sister here in Alabama—that defamed the Plaintiffs. "Correspondence by phone, mail, and email can be enough for specific jurisdiction where the defendant targets their conduct toward the forum state." *Costa v. Ramaiah*, 689 F. Supp. 3d 553, 572 (N.D. Ill. 2023) (citing *Romans v. Orange Pelican, LLC*, 2022 WL 16856420, at *5–6 (N.D. Ill. 2022) (finding specific

---

[2] "Although not binding on a court in this circuit, the Tenth Circuit's opinion in *Rambo* is highly persuasive[.]" *Flechner*, 2015 WL 1407751, at *7 (holding the defendant was not subject to personal jurisdiction in Alabama because the emails it sent to Alabama only arose after plaintiff's unilateral change of its corporate address after the parties were no longer associated)

jurisdiction through correspondence even though the defendant had never physically entered the state)). Moreover, by focusing the story on an Alabama resident, Liptak either knew or should have known that the primary audience would be citizens of Alabama. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) (considering "the 'effects' of their Florida conduct in California" and the evidence that "their intentional, and allegedly tortious, actions were expressly aimed at California," the Court concluded that the reporter and editor "must 'reasonably anticipate being haled into court there' to answer for the truth of the statements made in their article.") (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

The Court's inquiry can stop there: because Liptak purposefully availed herself of the forum, this Court should deny her motion to dismiss, and further jurisdictional discovery is unnecessary.

## II.     Personal Jurisdiction is a Fact Question Requiring Additional Discovery Here.

Even if Liptak's intentional acts of reaching out to Feek in Alabama in order to write the story at issue were not enough, however, Plaintiffs would be entitled to additional factual discovery to determine the full extent of Liptak's contacts. *See Branded Trailer Sales, Inc. v. Universal Truckload Services*, Inc., 74 So. 3d 404, 418 (Ala. 2011) ("[l]imited discovery could flesh out [Plaintiffs'] allegations and could lead to a conclusion that the trial court can exercise personal jurisdiction

5

over [Liptak].") This limited discovery should properly include the full scope of Liptak's contacts with the State of Alabama, both generally and in connection with the publication of the Article.

Liptak argues that the Article's impact in Alabama, the demographics of the *Taste of Country* readership, and the full extent Liptak's contacts with Alabama are irrelevant to the jurisdictional analysis. (Doc. 30, at 3-4.) However, in support of this argument, she simply restates the statements made in her affidavit and fails to include any legal citations supporting her argument.[3]

First, the Liptak Affidavit is incomplete. The statement that she "do[es] not regularly visit the State of Alabama for work or personal reasons" leaves open the possibility Liptak has had past contractual relationships with individuals in Alabama, has pursued or negotiated for contractual relationships with individuals in Alabama, or has any past or ongoing non-contractual relationship with individuals in Alabama. (Liptak Affidavit ¶ 15). The affidavit also does not state how often she visits Alabama or discuss any other Articles she could have written aimed at the State of Alabama.

---

[3] "An argument is waived 'if the party fails to elaborate or provide any citation of authority in support of the argument.'" *Hunt v. Shelby Cnty. Bd. Of Educ.* 198 F. Supp. 3d 1293, 1317 (N.D. Ala. 2016) (quoting *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n. 13 (11th Cir. 2007)).

Second, precedent is contrary to Liptak's argument. "If the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation, ... [then] discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue." *Eaton v. Dorchester Development, Inc.,* 692 F.2d 727, 730 (11th Cir. 1982). The Supreme Court has held that a court may exercise personal jurisdiction over an out-of-state defendant who knowingly causes injury in the forum through intentional tortious conduct. *See Calder v. Jones,* 465 U.S. 783, 789-91 (1984) (holding that a California court could exercise jurisdiction over the nonresident author and editor of a defamatory article whose alleged wrongdoing was "intentionally directed at a California resident"). In addition, the Supreme Court has held that a defendant's "regular circulation of magazines in the forum State is sufficient to support an assertion of jurisdiction in a libel action based on the contents of the magazine." *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 773-74 (1984). The Supreme Court concluded that it was "unquestionable" that "a complaint based on those contacts" would satisfy the "minimum contacts" requirement of the Due Process Clause. *Id*. at 774. When the publisher of a libelous statement has "continuously and deliberately exploited" the forum's market, the *Keeton* Court stated, "it must reasonably anticipate being haled into court there in a libel action

based on the contents of its [publication]." *Id*. at 781 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980)).

To fully respond to Liptak's contention that she is not subject to the personal jurisdiction of this Court, Plaintiffs must understand of the nature of Liptak's business activities, the relation of those activities to the underlying claims, and how the activities are directed to, or otherwise result in contacts with, the State of Alabama. Plaintiffs expect jurisdictional discovery to reveal Liptak has sufficient minimum contacts with the State of Alabama through her Article-related contacts, as well as her authoring of numerous other articles published on Townsquare Media's websites for outlets within the State of Alabama. Limited discovery tailored to identify Liptak's other activities may be required for a full and complete response and "Plaintiff[s] must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." *See Eaton*, 692 F.2d at 731.

For these reasons, Plaintiffs request this Court grant its motion for limited jurisdictional discovery if it is unsure it has personal jurisdiction over Liptak. *See ACLU v. City of Sarasota,* 859 F.3d 1337, 1341 (11th Cir. 2017) ("[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery.' ") (citations omitted); *Chatham Condo. Ass'ns v. Century Village, Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979) ("'dismissal for lack of subject matter jurisdiction . . . prior to

giving the plaintiff ample opportunity for discovery, should be granted sparingly'").

### III. Townsquare Defendants Are Not Entitled to a Protective Order.

In addition to claiming that Plaintiffs are not entitled to any jurisdictional discovery and instead the Court must rely solely on the facts stated in Liptak's Affidavit, the Townsquare Defendants and Liptak have moved this Court for a protective order limiting the scope of the Plaintiffs' proposed jurisdictional discovery. The Defendants filed this motion without conferring with the Plaintiffs about the scope of the jurisdictional discovery: for that reason alone, the motion for a protective order is premature and ought to be denied. *See* Doc. 18 at IV.B.1 (requiring "telephone conference with the Court **before** filing a motion arising out of a discovery dispute."). Moreover, the discovery is not sought for an improper purpose, overly broad, or unduly burdensome.

### A. The Proposed Discovery is Not For An Improper Purpose, Overly Broad or Unduly Burdensome.

Plaintiffs do not seek a fishing expedition. Instead, they propose narrowly tailored discovery limited to:

1. The extent of Liptak's contacts with the State of Alabama;
2. Analytics data showing *Taste of Country's* Alabama readership;
3. Analytics data showing the article's Alabama readership; and

9

4. Evidence of Liptak's knowledge of the *Taste of Country* website's reach in Alabama (if that is the case).

Townsquare Defendants argue the proposed discovery requests to Townsquare Media were propounded for an improper purpose because they are not contesting personal jurisdiction. (Doc. 30 at 6.) However, Plaintiffs' proposed discovery requests to Townsquare because they anticipated Liptak may lack ready access to information available to Townsquare, including that identified in points 2 and 3 above. Such discovery is relevant to show whether Liptak knew of *Taste of Country* website's reach in Alabama. Granting this limited discovery to Townsquare Media aligns with the Eleventh Circuit's guidance, which encourages courts to permit jurisdictional discovery where it could substantiate the plaintiff's claims. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

Nor is there any rational basis for limiting the discovery requests to Liptak to only five interrogatories (including subparts) and five requests for production. The only request that Liptak seems to take issue (based on her opposition alone, not a meet and confer which could have prevented any need for a motion for protective order) with is Proposed Interrogatory No. 7, which requests that she describe and identify any bank accounts she has held within Alabama. (Doc. 30 at 7.) Liptak argues that her affidavit addresses this question by stating she does not currently maintain a bank account in Alabama. (*Id.*) Asking whether she has ever held a

10

bank account in Alabama is not contemplated by her statement that she currently has no bank account in Alabama.

## CONCLUSION

Although Plaintiffs maintain that 15 conversations with Feek in Alabama are sufficient to establish specific personal jurisdiction, "[l]imited discovery could flesh out [Plaintiffs'] allegations and could lead to a conclusion that the trial court can exercise personal jurisdiction over [Liptak]." *Branded Trailer Sales, Inc. v. Universal Truckload Services, Inc.*, 74 So. 3d 404, 418 (Ala. 2011) (quoting *Ex parte Bufkin,* 936 So. 2d 1042, 1047 (Ala. 2006)). For the foregoing reasons, this Court should grant Plaintiffs' motion to conduct limited jurisdictional discovery and deny Townsquare Defendants' motion for a protective order.

Respectfully submitted this 7th day of January, 2024.

/s/ *J. Graham Gilmore*
R. Aaron Chastain (CHA098)
J. Graham Gilmore (GIL095)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
achastain@bradley.com
ggilmore@bradley.com

ONE OF ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 7, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    All counsel of record.

                                             /s/ *J. Graham Gilmore*
                                             OF COUNSEL