FILED

2025 Apr-04  PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| **HERITAGE MINISTRIES,** *et al.*, | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| | ) |
| **v.** | ) **Case No:  3:24-cv-1267-LCB** |
| | ) |
| | ) |
| **HEIDI CAROLINE FEEK,** *et al.*, | |
| | |
| **Defendants.** | |

## ORDER

The Court conducted a hearing regarding several pending motions on March 19, 2025, including Country Mutual Insurance Company's motion to intervene, Doc. 35, and Plaintiffs' motion to allow jurisdictional discovery. Doc. 25. Having considered the briefs and the argument of counsel, the Court **WILL GRANT** the Plaintiffs' motion for jurisdictional discovery and Country Mutual's motion to intervene.

## I.     Country Mutual's Motion to Intervene

Country Mutual has moved to intervene under Fed. R. Civ. P. 24(b), invoking its status as the underwriter of a personal liability umbrella policy covering

Defendant Heidi Feek. Doc 35. Country Mutual states that "Feek has requested that Country Mutual provide a defense and indemnity…in connection with the claims asserted against her in this action." *Id.* at 2. The motion is unopposed.

Rule 24(b) gives courts the discretion to allow permissive intervention by any party "who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court finds that Country Mutual's permissive intervention here is appropriate because "there are at least common questions of fact between the claims asserting liability against the defendant[] and potential claims regarding the existence and scope of insurance coverage for" that defendant through Country Mutual. *Henderson v. Serra Chevrolet, Inc.*, 2009 WL 10689135, at *6 (N.D. Ala.). Furthermore, intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). For these reasons, the Court will grant Country Mutual's motion to intervene.

## II.    Plaintiffs' Motion for Jurisdictional Discovery

Next, the Court considers the Plaintiffs' motion for jurisdictional discovery. Doc. 25. According to Plaintiffs, limited jurisdictional discovery is necessary to respond more effectively to Defendants Townsquare Media and Carena Liptak's ("Townsquare Defendants") motion to dismiss, Doc. 20, in which they argued that the Court lacked personal jurisdiction over Ms. Liptak. The Court agrees.

At the pleadings stage, the plaintiff carries the initial burden of alleging facts sufficient to make out a *prima facie* case of personal jurisdiction. *R & R Games, Inc. v. Fundex Games, Ltd.*, 2013 WL 784397, at *1 (M.D. Fla.); *Bracewell v. Nicholson Air Servs., Inc.*, 748 F.2d 1499, 1504 (11th Cir. 1984). In moving to dismiss for lack of personal jurisdiction, the burden then shifts to the defendant to challenge plaintiff's allegations through affidavits or other evidence. *See id.* To the extent that the allegations in the complaint remain uncontroverted, "[t]he district court must construe the allegations in the complaint as true." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). To the extent that "the plaintiff's complaint and the defendant's evidence conflict, the court 'construe[s] all reasonable inferences in favor of the plaintiff.'" *Mighty Men of God, Inc. v. World Outreach Church of Murfreesboro Tennessee, Inc.*, 102 F. Supp. 3d 1264, 1270 (M.D. Fla. 2015) (quoting *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)).

Only "[i]f the defendant sufficiently challenges the plaintiff's jurisdictional allegations," must the plaintiff "affirmatively support [the] jurisdictional allegations set forth in the complaint." *Walack v. Worldwide Mach. Sales, Inc.*, 278 F. Supp. 2d 1358, 1364 (M.D. Fla. 2003). In such cases, "jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *Segregated Portfolio 164, Inc. v. IS*

*Agency, Inc.*, No. 8:13-CV-694-T-33TGW, 2013 WL 5744333, at \*6 (M.D. Fla. Oct. 23, 2013) (citation and internal quotations omitted); *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) ("Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction.").

In general, "the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction," *Majd-Pour*, 724 F.2d at 903, and courts should forego ruling on a 12(b)(2) motion to dismiss before such an opportunity is granted. *Segregated Portfolio*, 164, 2013 WL 5744333, at \*6. "To hold otherwise would allow a defendant to defeat jurisdiction on the strength of a self-serving affidavit," by withholding relevant information. *Amerifactors Fin. Grp., LLC v. Enbridge, Inc.*, No. 6:13-CV-1446-ORL-22, 2013 WL 5954777, at \*5 (M.D. Fla. Nov. 7, 2013). "A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Arista Records, Inc. v. Sakfield Holding Co. 5.L.*, 314 F.Supp.2d 27, 29 (D.D.C.2004); *see also Diamond Chem. Co. v. Atofina Chems. Inc.*, 268 F.Supp.2d 1, 15 (D.C.Cir.2003) (quoting *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C.Cir.1996)).

Having reviewed the relevant pleadings, the Court finds that the Townsquare Defendants have alleged sufficient facts to support a *prima facie* case of personal jurisdiction. In response, the Townsquare Defendants submitted an affidavit from Ms. Liptak, stating that the extent of her contacts with Alabama were a total of 8 phone calls and 7 emails to Ms. Feek. Doc. 20-1 at 3. Liptak also submits that she never travelled to Alabama for the article. *Id.* Given these conflicting assertions, the Court finds that jurisdictional discovery is necessary to allow Plaintiffs the opportunity to respond to the Townsquare Defendants' contentions more fully and specifically.

## III.    Conclusion

For all these reasons, the Court **GRANTS** Country Mutual's motion to intervene, Doc. 35, and **GRANTS IN PART** the Plaintiffs' motion for jurisdictional discovery. Doc. 25. Townsquare Defendants' motion for a protective order, Doc. 30, is **DENIED AS MOOT**.

For the reasons discussed on the record at the hearing, however, Plaintiffs' proposed discovery is overbroad. As a result, the parties are **ORDERED** to (1) confer no later than **April 25, 2024**, and (2) submit a joint proposal for scope of discovery no later than **May 2, 2025**. The joint proposal should be submitted to chambers via email at burke_chambers@alnd.uscourts.gov.

All jurisdictional discovery must be completed no later than **July 31, 2025**. Should Plaintiffs wish to amend their response to the Townsquare Defendants motion to dismiss in light of information learned during discovery, such response shall be filed no later than **August 14, 2025**, with any reply due no later than **August 28, 2025**.

**DONE** and **ORDERED** April 4, 2025.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE