# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHWESTERN DIVISION

| | |
|---|---|
| **HERITAGE MINISTRIES D/B/A HOMESTEAD HERITAGE; HERITAGE BARNES, LLC D/B/A HERITAGE RESTORATIONS; MATTHEW BRANDSTADT; BRIAN BRANSTADT; and DANIEL BRANDSTADT,** )<br><br>Plaintiffs,<br><br>v.<br><br>**HEIDI CAROLINE FEEK; TOWNSQUARE MEDIA, INC. D/B/A TASTE OF COUNTRY; and CARENA ELIZABETH LIPTAK,**<br><br>Defendants. | CIVIL ACTION NO.<br><br>3:24-CV-01267-LCB |

## DEFENDANTS TOWNSQUARE MEDIA, INC. D/B/A TASTE OF COUNTRY'S AND CARENA ELIZABETH LIPTAK'S NOTICE OF WITHDRAWAL OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Townsquare Media, Inc. d/b/a Taste of Country ("Townsquare") and Carena Elizabeth Liptak ("Liptak") (collectively "Townsquare Defendants") withdraw their Motion to Dismiss Carena Liptak for Lack of Personal Jurisdiction and in support thereof state as follows:

1. On November 13, 2024, the Townsquare Defendants filed a Motion to Dismiss (1) the Brandstadt Plaintiffs' claims for failure to state a claim; and (2) Liptak for lack of personal jurisdiction.

2. The Court heard argument on this Motion, and on April 4, 2025, entered an order allowing Plaintiffs to conduct jurisdictional discovery related to Liptak's contacts with Alabama.

3. Plaintiffs served Liptak with discovery requests related to her contacts with Alabama, and they served Defendant Heidi Feek with merits discovery related to her conduct at issue in this lawsuit.

4. On March 2, 2025, Defendant Heidi Feek produced documents in response to Plaintiffs' First Requests for Production to Heidi Feek.

5. Feek's document production included several text message chains between Feek and Liptak that are relevant to the issue of personal jurisdiction because Feek is an Alabama resident.

6. The Townsquare Defendants' counsel was unaware of these text messages at the time of filing the Motion to Dismiss Liptak for Lack of Personal Jurisdiction.

7. Although these text messages do not necessarily establish that Liptak is subject to personal jurisdiction in Alabama,[1] the Townsquare Defendants do not want to further burden the Court with this issue.

8. The Townsquare Defendants believe that in light of the evidence that has been developed as part of the discovery process, pursuing the jurisdictional challenge at this stage would not serve the interests of judicial economy.

9. In the interests of judicial economy and efficiency, the Townsquare Defendants withdraw their Motion to Dismiss Carena Liptak for Lack of Personal Jurisdiction.

10. The Townsquare Defendants do not withdraw their argument that the Brandstadts' claims for should be dismissed for failure to state a claim. This portion of the Motion to Dismiss should remain pending before the Court.

Dated:  May 15, 2025.

Respectfully submitted,

 */s/ Tatum L. Jackson*
John G. Thompson
*jthompson@lightfootlaw.com*

---

[1] *See, e.g.*, *Perkins Commun., LLC v. D'Shannon Prods.*, 2015 U.S. Dist. LEXIS 137455, at 15-16 (N. D. Ala. Oct. 8, 2015) (quoting *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) ("It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts, especially considering there were no indications that the defendant received a benefit from the markets and laws of the forum state."); *Ex parte Alamo Title Co.*, 128 So. 3d 700, 712 (Ala. 2013) (quoting *Kittle Heavy Hauling v. Gary A. Rubel, Inc.*, 647 So. 2d 743, 744 (Ala. Civ. App. 1994) ("The use of an interstate facility (i.e., telephone) is an ancillary factor and does not, alone, provide the requisite minimum contacts.")

Tatum L. Jackson
*tjackson@lightfootlaw.com*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

R. Aaron Chastain (CHA098)
J. Graham Gilmore (GIL095)
*ggilmore@bradley.com*
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000

Douglas B. Hargett
*douglas@loftinholt.com*
G. Rick Hall
*rick@loftinholt.com*
LOFTIN HOLT HALL & HARGETT LLP
201 South Court Street, Suite 320
Florence, Alabama 35630
(256) 381-7750

Larry B. Moore
*lbmoore@mblattorneys.com*
Ian Michael Berry
*imberry@mblattorneys.com*
MOORE, BERRY & LINVILLE
211 North Court Street
Post Office Box 9
Florence, Alabama 35631
(256) 718-0120

W. Evans Brittain
*ebrittain@ball-ball.com*

5

BALL, BALL, MATTHEWS & NOVAK
P.O. Box 2148
Montgomery, Alabama
(334) 387-2067

*s/ Tatum L. Jackson*
OF COUNSEL

6