FILED

2025 May-15 PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **HERITAGE MINISTRIES d/b/a HOMESTEAD HERITAGE, HERITAGE BARNS, LLC d/b/a HERITAGE RESTORATIONS, MATTHEW BRANDSTADT, BRIAN BRANDSTADT and DANIEL BRANDSTADT,** | |
| **Plaintiffs,** | **CIVIL ACTION NO.:** |
| **v.** | **3:24-CV-01267-LCB** |
| **HEIDI CAROLINE FEEK, TOWNSQUARE MEDIA, INC. d/b/a TASTE OF COUNTRY and CARENA ELIZABETH LIPTAK,** | <u>**UNOPPOSED**</u> |
| **Defendants.** | |

## MOTION FOR DISCOVERY CONFIDENTIALITY ORDER

COMES NOW Defendant **HEIDI CAROLINE FEEK ("Feek")**, and hereby moves this Honorable Court for entry of the attached proposed Discovery Confidentiality Order and as grounds in support hereof, states as follows:

### <u>FACTS</u>

1.      This case arises from defamation allegations made against Feek and other Defendants which, per the Plaintiffs' Complaint, relate to a family dispute between country music star Rory Feek and his daughters, Heidi and Hopie Feek,

1

regarding their ten year-old half-sister ("the Minor") who has Down Syndrome. (Complaint [Document 1] at ¶ 1).  The Minor is currently the subject of sealed dependency proceeding sin the Juvenile Court for Maury County, Tennessee.  (Id.).

2.    Plaintiffs contend that there has "been a single isolated instance in 2005, when one then-current Homestead Heritage member engaged in egregious wrongful conduct, injuring his own child in the process."  (Complaint at ¶ 23). Moreover, Plaintiffs claim that Homestead Heritage "was also instrumental in bringing to justice a former member and two people who had never been parishioners of Homestead Heritage for sexual crimes against minor family members."  (Id.).

3.    Plaintiffs have sued Feek in the present case for making posts on social media, including re-posting a story from WFAA News in Dallas that remains publicly available online regarding an allegation "that there are five (5) convicted pedophiles connected to Homestead Heritage church."  (Complaint at ¶ 36). According to the Complaint, "[t]he statements in the clip of the WFAA video posted by Ms. Feek are false and defamatory in suggesting that Homestead Heritage has ever offered any sort of teaching or encouragement to its members to brutally discipline their children and suggesting that Homestead Heritage harbors, facilitates, or hides pedophiles or child abusers."  (Id. At ¶ 37).

4.    Plaintiffs also base their defamation allegations on Instagram posts made by Feek that Homestead Heritage is "an organization known for its troubling

history of child abuse," that "[the Minor] was left in the care of a group with a well documented history of physical and sexual abuse of children," and that "there were numerous convicted pedophiles within Homestead."  (Complaint at ¶¶ 46, 53, 59, 63).

5.     The Plaintiffs have propounded discovery to Feek seeking, among other things, "all documents including but not limited to emails, text messages, and direct messages, related to any statements you have made concerning Plaintiffs," "all documents or evidence you relied upon in making statements about Plaintiffs," "all documents evidencing communications with any third parties, including journalists, bloggers, or social media users, regarding Plaintiffs," and "all communications between you and any individuals or organizations that have supported, promoted, or amplified your statements about Plaintiffs."  (Plaintiffs' First Request for Production to Feek, attached hereto as **Exhibit "A"**).

6.     The undersigned retained the services of an e-discovery firm, JND Legal Administration, which has downloaded data from Feek's phone and social media accounts, some of which is responsive to the Plaintiffs' First Request for Production.  Due to the volume and type of electronic data, the undersigned are producing documents to the Plaintiffs on a rolling basis and began with communications between Feek and the co-Defendants in light of the pending dispute over personal jurisdiction as to co-Defendant Carena Liptak.  This production

encompassed text messages and emails referencing victims of sexual abuse by current or former associates, parishioners, or members of Homestead Heritage, and the undersigned redacted all such personal identifying information pending entry of an appropriate Discovery Confidentiality Order.

7.    Furthermore, the undersigned anticipate producing additional communications involving Feek and victims of sexual abuse, all or at least many of whom were minors at the time the abuse took place.  These victims have expressed a desire for their identities to remain confidential, both due to the nature of the crimes committed against them as fear of reprisal by their abusers or others.

8.    Based on the foregoing, Feek submits that a Discovery Confidentiality Order, such as that proposed and attached hereto, is appropriate and necessary to protect the identifies of victims of sexual abuse.

## **LEGAL STANDARD**

As a preliminary matter, courts have broad discretion to direct discovery, including to protect litigants and others form harassment and abuse.  *See, e.g.,* J.P. Morgan Chase Bank, N.A. v. Data Treas. Corp., 936 F.3d 251, 255 (5th Cir. 2019); Seattle Times v. Rinehart, 467 U.S. 20, 36 (1984) (Fed. R. Civ. P. 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").  The Federal Rules underscore such discretion by explaining that courts may "for good cause, issue an order to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

The Court's control over the discovery process authorizes it to protect the identity of a party with special privacy concerns, such as victims of child sex abuse, by establishing reasonable procedures to prevent disclosure of the party's identity during litigation and beyond. *See, e.g.,* Doe by and through Doe v. Village of Xenia, 2023 WL 8643268;, *1 (S.D. Ill. 2023) (granting discovery confidentiality order "To facilitate discovery and prevent unnecessary disclosures of confidential information concerning . . . the identity of other alleged victims of childhood sexual abuse" and holding "If there are additional alleged victims of childhood sexual abuse (hereinafter "other alleged victims") they are entitled to protection as well. Due to the explicit nature of this action, and the fact that these alleged victims were minors at the time of the alleged abuse, the identity of these other alleged victims shall remain confidential throughout the proceedings in this case, including but not limited to discovery. The parties will agree to apprise each other of the true identity of these other alleged victims pursuant to the terms of this Agreed Protective Order."); Hearts with Haiti, Inc. v. Kendrick, 2013 WL 5724176, *2 (D. Maine 2013) ("The defendant's motion emphasizes the need to shield personally identifying information about those who are identified as victims of child sexual abuse form the public, and I agree that documents including such information should remain sealed.").

With respect to the First Amendment, while "There is no question that a common law right of access exists as to civil proceedings," such right is not absolute. Chicago Tribune Co. v. Bridge/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). The standard governing the right of access as it applies to particular documents requires the court to balance the competing interests of confidentiality and the right of public access on a case by case basis. Id. At 1312, 1313-15. The need to protect individual privacy rights may, in circumstances such as the identities of victims of childhood sex abuse, rise to the level of a compelling or substantial interest that should be recognized in the balancing process in considering a First Amendment right of access issue. Globe Newspaper v. Superior Court, 457 U.S. 596, 607 (1982) (recognizing the governmental interest in the protection of minor victims of sex crimes from further trauma and embarrassment).

WHEREFORE, premises considered, Defendant Heidi Feek moves the Court for entry of the attached proposed Discovery Confidentiality Order and prays for such further and other relief as she may show herself entitled.

Respectfully submitted this the 15th day of May, 2025,


*s/ Larry B. Moore*
**LARRY B. MOORE** (ASB-4345-O74L)
**IAN MICHAEL BERRY** (ASB-7372-A32B)
Attorneys for Defendant
Heidi Feek

OF COUNSEL:

MOORE, BERRY & LINVILLE
211 North Court Street
Post Office Box 9
Florence, Alabama 35631
T: 256.718.0120
F: 256.718.0251
E: lbmoore@mblattorneys.com
    imberry@mblattorneys.com

**DOUGLAS B. HARGETT** (ASB-9928-S81H)
**G. RICK HALL** (ASB-0484-L37G)
LOFTIN, HOLT, HALL & HARGETT, LLP
201 South Court Street, Suite 320
Florence, Alabama 35630
(256) 981-7750
doublas@loftinholt.com
rick@loftinholt.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing upon the following counsel of record by CM/ECF on this the 15th day of May, 2025:

| | |
|---|---|
| **R. Aaron Chastain, Esq.** | **Tatum L. Jackson, Esq.** |
| **J. Graham Gilmore, Esq.** | **John G. Thompson, Esq.** |
| BRADLEY ARANT BOULT CUMMINGS, LLP | LIGHTFOOT, FRANKLIN & WHITE, LLC |
| One Federal Place | The Clark Building |
| 1819 Fifth Avenue North | 400 N. 20th Street |
| Birmingham, AL 35203-2119 | Birmingham, AL 35203 |
| *Attorneys for Plaintiffs* | *Attorneys for Townsquare Media Inc. d/b/a Heritage Restorations and Carena Elizabeth Liptak* |

*s/ Larry B. Moore*
Of Counsel


**EXHIBIT**
**A**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | |
|---|---|
| **HERITAGE MINISTRIES D/B/A**<br>**HOMESTEAD HERITAGE;**<br>**HERITAGE BARNS, LLC D/B/A**<br>**HERITAGE RESTORATIONS;**<br>**MATTHEW BRANDSTADT;**<br>**BRIAN BRANDSTADT; and**<br>**DANIEL BRANDSTADT,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Plaintiffs,** | ) **Case No.: 3:24-CV-01267-LCB** <br> ) |
| **v.** | ) <br> ) |
| **HEIDI CAROLINE FEEK;**<br>**TOWNSQUARE MEDIA, INC.**<br>**D/B/A TASTE OF COUNTRY;**<br>**and CARENA ELIZABETH**<br>**LIPTAK,** | ) <br> ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

---

**PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT**
**HEIDI CAROLINE FEEK**

---

Plaintiffs Heritage Ministries d/b/a Homestead Heritage ("Homestead Heritage"), Heritage Barns LLC d/b/a Heritage Restorations ("Heritage Restorations" and together with Homestead Heritage, "Heritage") Matthew Brandstadt, Brian Brandstadt, and Daniel Brandstadt (the "Brandstadts" and together with Heritage, the "Plaintiffs") request Defendant Heidi Caroline Feek ("Feek") respond to the following discovery requests within 30 days.

1

## INSTRUCTIONS

1.    Where knowledge or information is requested, such discovery requests include knowledge or information within the possession, custody, or control of you or your agents, representatives, and, unless privileged, attorneys. Should you be aware of the existence of information responsive to a discovery request, but, for whatever cause, be unable to answer or respond to the same, you shall identify those persons believed to have the information requested. Where facts set forth in the answers or responses, or portions thereof, are supplied upon information and belief, rather than upon personal knowledge, you should so state and specifically identify and describe the source or sources of such information and belief.

2.    Answers and responses to these discovery requests shall be responsive to the date on which the answers and responses are first provided and shall be continuing in character and require the filing of supplemental answers and responses if further or different knowledge or information relative thereto becomes known before trial. Where not self-evident, any supplemental answers and responses shall include an explanation as to how such knowledge or information was discovered and why such knowledge or information was not included in the initial answers and responses.

3.    No part of any discovery request shall be left unanswered merely

2

because an objection is interposed to another portion of the discovery request.  If a partial or incomplete answer or response is provided, you shall state that the answer or response is partial or incomplete.

4.    For information and/or documents withheld on the grounds of privilege, you are requested, pursuant to Rule 26(b)(5) of the *Federal Rules of Civil Procedure*, to support such a claim by a description of the nature of the alleged privileged information and/or documents, communications, or things not provided sufficient to enable Plaintiffs to contest the claim, including the date, type of information and/or document, author, recipient, and general subject matter.

5.    If you encounter any ambiguities when construing a discovery request, instruction, or definition, your answer or response shall set forth the matter deemed ambiguous and the construction used in answering or responding.

6.    If you have no information about the subject of a discovery request, or if for some other reason you are unable to answer it, the response to that discovery request should specifically so state, and no discovery request should be left without some response.

7.    Whenever these discovery requests seek information that is not available to you in the form requested but is available in another form or can be obtained elsewhere, you shall so state and either supply the information requested in the form in which it is available or supply the data from which the information

3

requested can be obtained.

8.    If you object to any of the following discovery requests, you shall state the objection and the facts or other evidence justifying the objection.

9.    If you have multiple copies of a document that any of the following discovery requests require you to identify and/or produce, you shall identify and/or produce all non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of any such document.

10.    Pursuant to Rule 34(b) of the *Federal Rules of Civil Procedure*, you shall produce all documents as they are kept in the usual course of business or organize and label them to correspond with the categories in these document requests.

11.    Whenever a requested document has ceased to exist, you shall specify for each such document: (1) the type of document; (2) the information contained therein; (3) the date on which such document ceased to exist; and (4) the circumstances under which such document ceased to exist.

## **DEFINITIONS**

1.      The terms "Defendant," "you" and "your" mean and refer to Defendant Heidi Caroline Feek, and any person acting on behalf of or purporting to act on her behalf.

2.      "Document(s)" shall mean all writings of any kind, including the originals and all non-identical copies, and whether printed, recorded, created or reproduced by any mechanical means or process, or written or produced by hand, including, but not limited to: agreements; contracts; drafts of agreements or contracts; written material referencing oral agreements or contracts; confirmatory memoranda; letters of intent; orders; purchase orders; communications; messages; correspondence; e-mails; personal calendars (whether written, electronic, or computerized); letters; postcards; packages; telegrams; teletypes; telefax; mailgrams; tape recordings; memoranda; diaries (whether written, electronic, or computerized); summaries; notes or other recordings of telephone conversations, personal conversations, meetings, actions or statements; minutes, or documents of any description evidencing action taken by a corporate entity, business entity or association; deeds, leases, mortgages, security agreements; legal documents of any kind and description; agenda of meetings; notices; records; files; personal memoranda; photographs; pictures; motion picture films; photographic film; newspapers; magazines; charts; graphs; diagrams; drawings; bookkeeping entries;

account summaries or statements; financial statements; balance sheets; financial records; bills; invoices; orders; receipts; bank records of all types; returns; canceled checks; vouchers; ledger sheets; accounting information; computer print-outs; computer memories; word processing memories; software; reports; bills of sale; logs; publications; studies; notes of interviews; statements of witnesses; findings of investigations; audits; files; personal notes; papers; books; notebooks; note cards, indices; physical objects; summaries; stenographic materials; tapes; cassettes; discs; bulletins; posters; fliers; plans; blueprints; drawings; sketches; printed matter; reports; and any and every other written, graphic, mechanical or tangible means by which human intelligence is in any way transmitted, reported, recorded or preserved.

3.      The term "person" means and refers to natural persons, governmental entities (or agencies thereof), quasi-public entities, trusts, estates, corporations, partnerships, proprietorships, ventures, and all other forms of organizations, associations, business entities, groups, or groups of persons.

4.      As used herein, the term "date" shall mean the day, month, and year, if ascertainable, or if not, the best approximation thereof.

5.      The term "identify" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his, her, or its attendance at a place of examination.

6

6.     The term "identify" when referring to a document means to give sufficient characterization of such document so as to have identified it with reasonable particularity. In lieu of identifying a document, you may produce for inspection and copying a true and correct copy of the same. Plaintiffs reserve the right to view and inspect originals.

7.     The term "statement" refers to any written, oral, or electronically recorded assertion, declaration, or representation of fact or opinion, including but not limited to posts, comments, captions, articles, interviews, videos, images with accompanying text, and any other form of public or private expression made on social media, websites, blogs, emails, text messages, or any other medium.

8.     The term "communication" refers to any form of exchange of information, whether written, oral, or electronic, including but not limited to emails, text messages, phone calls, direct messages on social media, letters, in-person conversations, and any other means by which information is shared between two or more individuals or entities.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify all social media accounts (including but not limited to Instagram, Facebook, Twitter, TikTok, Reddit, and YouTube) that you have used, or otherwise have access to, in the past five years, including usernames and associated email addresses.

**RESPONSE**:

**INTERROGATORY NO. 2:** State in detail each statement you have made, posted, or republished regarding Plaintiffs from the January 1, 2024 through present.

**RESPONSE**:


**INTERROGATORY NO. 3:** State in detail the basis for each statement you have made, posted, or republished regarding Plaintiffs.

**RESPONSE**:


**INTERROGATORY NO. 4:** Identify all persons with whom you have communicated regarding Plaintiffs, including but not limited to Carena Elizabeth Liptak, representatives of Townsquare Media, Inc., and any third-party journalists, bloggers, or media personnel, from the time period of January 1, 2023 through present.

**RESPONSE**:


**INTERROGATORY NO. 5:** Describe in detail any communications you had with any individual or entity concerning the August 29, 2024 Taste of Country article, including all persons involved, dates, and the substance of the communications.

**RESPONSE**:


**INTERROGATORY NO. 6:** Identify and describe any evidence, including documents, audio recordings, video recordings, or other media, that you relied upon or reviewed before making any statements about Plaintiffs.


**RESPONSE**:

8

**INTERROGATORY NO. 7:** Have you ever been contacted by law enforcement or any regulatory authority regarding any statements you have made about Plaintiffs? If so, provide details, including dates, agencies involved, and the nature of the contact.

**RESPONSE**:


**INTERROGATORY NO. 8:** Identify all lawsuits, legal claims, or complaints in which you have been a party in the past ten (10) years.

**RESPONSE**:


**INTERROGATORY NO. 9:** Describe any financial compensation, gifts, or benefits you have received in connection with any statements you have made about Plaintiffs, including from media organizations, crowdfunding campaigns, or third parties.

**RESPONSE**:


**INTERROGATORY NO. 10:** Identify all communications you have had with any third parties regarding Plaintiffs, including but not limited to conversations with social media followers, news outlets, advocacy groups, etc.

**RESPONSE**:


**INTERROGATORY NO. 11:** Provide all details of any agreements between you and any media outlet regarding statements you have made about Plaintiffs.

**RESPONSE**:


**INTERROGATORY NO. 12**: Identify all social media accounts belonging to, associated with, or otherwise used by Dillion Hodges (including but not limited

9

to Instagram, Facebook, Twitter, TikTok, Reddit, and YouTube), in the past five years, including usernames and associated email addresses.

**RESPONSE**:

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Produce all documents, including but not limited to emails, text messages, social media message, and direct messages, related to any statements you have made concerning Plaintiffs.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2**: Produce copies of all social media posts, comments, and responses related to Plaintiffs from January 1, 2024, to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 3**: Produce all communications between you and any representatives of Townsquare Media, Inc., including but not limited to Carena Liptak.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 4**: Produce all documents or evidence you relied upon in making statements about Plaintiffs, including articles, reports, witness statements, or other supporting materials.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 5**: Produce all documents evidencing communications with any third parties, including journalists, bloggers, or social media users, regarding Plaintiffs.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 6:** Produce all documents related to any financial compensation, gifts, or donations received in connection with your statements about Plaintiffs.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 7:** Produce all drafts or unpublished versions of social media posts, articles, or communications related to Plaintiffs.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 8:** Produce all documents, including but not limited to analytics data, showing who has viewed, interacted with, and/or messaged you as a result of your social media posts.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 9:** Produce any evidence of deletion or alteration of social media posts or messages concerning Plaintiffs.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 10:** Produce all documents related to any legal claims, cease and desist letters, or demands you have received concerning statements you made about Plaintiffs.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 11:** Produce all recordings, videos, audio files, or other media you have created or obtained regarding Plaintiffs.

11

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 12:** Produce all communications between you and any individuals or organizations that have supported, promoted, or amplified your statements about Plaintiffs.

**RESPONSE**:



**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** Admit that you authored and published the social media posts referenced in Paragraphs 34-50, 59-60, 62-66, 68-70, 88, and 101 of the Complaint concerning Plaintiffs on or about July 20, 21, August 23, 25, 29, 31, and September 5, 2024.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 2:** Admit that you republished a now-deleted WFAA News 8 report regarding Homestead Heritage on your social media accounts.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 3:** Admit that you did not contact Plaintiffs to verify the accuracy of your statements before publishing them.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 4:** Admit that you did not review any information published by Homestead Heritage on its website to verify the accuracy of your statements before publishing them.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 5:** Admit that you have no firsthand knowledge of any criminal activity committed by any member of Homestead Heritage, Heritage Restorations, or the Brandstadt family.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 6:** Admit that you have deleted or altered social media posts related to Plaintiffs since receiving notice of this lawsuit.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 7:** Admit that you have received monetary donations or financial support as a result of your statements regarding Plaintiffs and your involvement in pending lawsuits.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 8:** Admit that you received a formal retraction demand from Plaintiffs prior to Plaintiffs' filing of the Complaint.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 9:** Admit that you have refused to retract any statements you made about Plaintiffs despite receiving a formal retraction demand.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 10:** Admit that you have engaged in direct messages, emails, or other private communications with third parties concerning Plaintiffs.

**RESPONSE**:

DATED this 17th day of March, 2025.

Respectfully submitted,

*/s/ J. Graham Gilmore*
R. Aaron Chastain (CHA098)
J. Graham Gilmore (GIL095)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
achastain@bradley.com
ggilmore@bradley.com

*ONE OF ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, I served the foregoing via email on counsel for Defendant Heidi Caroline Feek.

*/s/ J. Graham Gilmore*
OF COUNSEL

14