IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **HERITAGE MINISTRIES d/b/a HOMESTEAD HERITAGE, HERITAGE BARNS, LLC d/b/a HERITAGE RESTORATIONS, MATTHEW BRANDSTADT, BRIAN BRANDSTADT and DANIEL BRANDSTADT,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HEIDI CAROLINE FEEK, TOWNSQUARE MEDIA, INC. d/b/a TASTE OF COUNTRY and CARENA ELIZABETH LIPTAK,**<br><br>**Defendants.** | **CIVIL ACTION NO.:**<br><br>**3:24-CV-01267-LCB** |

**PROPOSED DISCOVERY CONFIDENTIALITY ORDER**

THIS CAUSE coming before the Court on the Motion of Defendant Heidi Caroline Feek for entry of a Discovery Confidentiality Order and the Court having read and considered such Motion, is of the opinion that it is due to be **GRANTED**. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.  Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing, that contains personally identifying

1

information including, but not limited to, names, addresses, telephone numbers, email address, and social medial identifiers, pertaining to victims of sexual abuse perpetrated by any person at any time in the past. Any party to this litigation or any third party covered by this Order, who produces or discloses any "Confidential" material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or a similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right, and the obligation, to redact from any public filing any information, document, or thing, or portion of any document or thing that contains personally identifying information including, but not limited to, names, addresses, telephone numbers, email address, and social medial identifiers, pertaining to victims of sexual abuse perpetrated by any person at any time in the past. To the extent required, any party to this litigation or any third party shall use a pseudonym (i.e. "John Doe I" or "Jane Doe I") when referring to victims of sexual abuse in any public filing.

3. "Confidential" material and the contents of "Confidential" material may be disclosed only to the following individuals under the following conditions:

    A. The Court and Court personnel;

B. Counsel for the parties and their support staff, provided they have first signed a Certification in the form attached hereto as **Exhibit "1"** and an executed copy of the same has contemporaneously been delivered to all counsel in this case.

C. Outside experts or consultants retained by counsel for the parties for purposes of the present litigation, inclusive of any appeals, provided they have first signed a Certification in the form attached hereto as **Exhibit "1"** and an executed copy of the same has contemporaneously been delivered to all counsel in this case.

D. The parties to the present litigation, provided they first have signed a Certification in the form attached hereto as **Exhibit "1"** and an executed copy of the same has contemporaneously been delivered to all counsel in this case. In the event that a party is a corporation or other non-human entity, "party" shall mean executives or others in leadership roles who are reasonably required to participate in decisions with respect to this lawsuit, provided such individuals have first signed a Certification in the form attached hereto as **Exhibit "1"** and an executed copy of the same has contemporaneously been delivered to all counsel in this case.

E. Any insurer for parties to this cause. The term "insurer" includes claim handlers, claims attorneys, and others who are reasonably required to participate in decisions with respect to this lawsuit, provided such individuals have first signed a Certification in the form attached hereto as **Exhibit "1"** and an executed copy of the same has contemporaneously been delivered to all counsel in this case.

F. Vendors retained by the parties to assist in preparing for pretrial discovery, hearings, trials, and appeals, including but not limited to court reporters, litigation support personnel, jury consultants, e-discovery consultants, and individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or in mock jury sessions, provided they have first signed a Certification in the form attached hereto as **Exhibit "1"** and an executed copy of the same has contemporaneously been delivered to all counsel in this case.

G. Any deponent in this lawsuit may be shown or examined as to any "Confidential" information, provided that such individual has first signed a Certification in the form attached hereto as

**Exhibit "1"** and an executed copy of the same has contemporaneously been delivered to all counsel in this case.

4. "Confidential" material shall be used only by individuals permitted access to it under Paragraph 3 above and shall be used only in conjunction with the present litigation, inclusive of any appeals. "Confidential" material, including all paper and electronic copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual or entity apart from law enforcement or other government agency investigating criminal or wrongful activity relating to such "Confidential" material, until and unless counsel for the party producing the "Confidential" material waives the claim of confidentiality in writing or such disclosure is ordered by the Court.

5. With respect to any depositions that involve disclosure of "Confidential" material, counsel for all parties shall have thirty (30) days after receipt of the deposition transcript from the court reporter to inform counsel for all other parties that portions of the deposition transcript are to be designated as "Confidential," which period may be extended by written agreement of counsel for all parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 above during these thirty (30) days, and no individual attending such deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3 above during

said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as "Confidential," counsel for all parties shall immediately cause each and every copy of such deposition transcript in their custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 3 above.

      6.      If counsel for any party receiving material designated as "Confidential" hereunder objects to such designation, the following procedure shall apply:

            A.      Within fourteen (14) days of receipt of the material designated as "Confidential" hereunder, Counsel for the objecting party shall serve on counsel for the designating party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for such objection.  Counsel for the designating party shall respond in writing to such objection within fourteen (14) days of the receipt thereof, and shall state with particularity the grounds for asserting that the document or information is "Confidential."  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then

          confer in good faith in an effort to resolve the dispute without Court intervention. The document or information that is the subject of the dispute shall be treated as originally designated pending a resolution of the dispute as confirmed in writing by counsel.

      B.    If a dispute as to a "Confidential" designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court by motion for an order regarding the challenged designation. The document or information that is the subject of the dispute shall be treated as originally designated pending a Court order relating to the same.

7.    The handling of "Confidential" material during trial or hearings shall be addressed as the need arises.

8.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of "Confidential" material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related

subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated as "Confidential" within a reasonable time after such disclosure. Such notice shall constitute a designation of the information, document, or thing as "Confidential" under this Discovery Confidentiality Order.

9. To the extent consistent with applicable law, if the inadvertent or unintentional disclosure of any information, document, or thing protected by privilege or the attorney work product doctrine is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Fed. R. Civ. P. 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or attorney work product protection. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or attorney work product protection if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

10. This Discovery Confidentiality Order shall not deprive any party of his, her, or its right to object to discovery by any other party on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without

prejudice to the right of any party to move the Court for modification or relief from any of its terms at any time.

11.  This Discovery Confidentiality Order shall survive the termination of the present lawsuit and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of counsel for all parties filed with the Court.

12.  Upon final conclusion of the present litigation, inclusive of any appeals, each individual subject to the terms of this Discovery Confidentiality Order shall, to the extent permitted by applicable law, have an obligation to assemble and return to the originating source all originals and unmarked copies of documents and things containing "Confidential" material and to destroy, should such source so request, all copies of "Confidential" material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing "Confidential" material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes only, subject to the provisions of this Discovery Confidentiality Order.  To the extent any party requests the return of "Confidential" material from the Court after a final conclusion of the present litigation, inclusive of any appeals, the party shall file a motion seeking such relief.

**DONE** and **ORDERED** this the \_\_\_ day of _____, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **HERITAGE MINISTRIES d/b/a HOMESTEAD HERITAGE, HERITAGE BARNS, LLC d/b/a HERITAGE RESTORATIONS, MATTHEW BRANDSTADT, BRIAN BRANDSTADT and DANIEL BRANDSTADT,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HEIDI CAROLINE FEEK, TOWNSQUARE MEDIA, INC. d/b/a TASTE OF COUNTRY and CARENA ELIZABETH LIPTAK,**<br><br>**Defendants.** | **CIVIL ACTION NO.:**<br><br>**3:24-CV-01267-LCB** |

### EXHIBIT "1" – CONFIDENTIALITY AGREEMENT

**STATE OF** _____  §
                                                            §
**COUNTY OF** _____  §

    I, _____, being duly sworn, state under oath or affirmation that:

    1.    My present address is _____

_____.

1

2. My present employer and his, her, or its address are: _____

_____.

3. My present occupation or job description is: _____

_____.

4. I have carefully read, or had read to me, and understood the provisions of the Discovery Confidentiality Order entered in the above-captioned lawsuit pending in the United States District Court for the Northern District of Alabama, Northwestern Division signed by Judge Liles C. Burke. I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not covered under the said Discovery Confidentiality Order any and all "Confidential" material or any notes, excerpts, summaries, abstracts, or indices thereof disclosed to or made by me.

6. I will limit the use of all "Confidential" material solely for the purposes of the above-captioned lawsuit, inclusive of any appeals, and for no other purposes whatsoever. I consent to the personal and subject matter jurisdiction of the United States District Court for the Northern District for the Northern District of Alabama, and, in the case of any appeals, to the United States Court of Appeals for the Eleventh Circuit and/or the United States Supreme Court, with respect to any action undertaken to enforce the provisions of the said Discovery Confidentiality Order. I

understand that I am subject to sanction should I violate the terms of the said Discovery Confidentiality Order.

7. Following the conclusion of the above-captioned lawsuit, I will continue to be bound to hold in confidence and not disclose any "Confidential" material inclusive of any notes, excerpts, summaries, abstracts, or indices thereof disclosed to or made by me and will continue not to use such "Confidential" material for any purpose not related to the above-captioned lawsuit, inclusive of any appeals. I consent to the personal and subject matter jurisdiction of the United States District Court for the Northern District of Alabama on a continuing basis to enforce the provisions of this Discovery Confidentiality Order even after subject litigation has concluded.

Dated this the ____ day of _____, 202__.

_____
SIGNED BY RECEPIENT

Printed Name: _____

Sworn before me on this the ____ day of _____, 202__.

_____
Notary Public
My Commission Expires: _____

[SEAL]