FILED
2025 Jul-28 PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | |
|---|---|
| **HERITAGE MINISTRIES d/b/a HOMESTEAD HERITAGE, HERITAGE BARNS, LLC d/b/a HERITAGE RESTORATIONS, MATTHEW BRANDSTADT, BRIAN BRANDSTADT and DANIEL BRANDSTADT,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**HEIDI CAROLINE FEEK, TOWNSQUARE MEDIA, INC. d/b/a TASTE OF COUNTRY and CARENA ELIZABETH LIPTAK,**<br><br>**Defendants.** | **CIVIL ACTION NO.:**<br><br>**3:24-CV-01267-LCB**<br><br>**OPPOSED IN PART** |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COME NOW the Defendants, **HEIDI FEEK**, **TOWNSQUARE MEDIA, INC. d/b/a TASTE OF COUNTRY**, and **CARENA LIPTAK**, and hereby jointly respond to the Plaintiffs' Motion for Leave to File Amended Complaint [Document 47], by stating as follows:

As a general matter, the Defendants are not opposed to the **dismissal** of Plaintiffs Matthew Brandstadt, Brian Brandstadt, and Daniel Brandstadt

(collectively the "Brandstadts") from the present lawsuit, without prejudice. However, it is **the Defendants' position that such a dismissal is not procedurally proper via an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2)**. Instead, Fed. R. Civ. P. 41(a)(2) governs the voluntary dismissal of a plaintiff's claims after an opposing party files an answer. **Dismissal without prejudice pursuant to Rule 41(a)(2) is allowed only "on terms that the court considers proper."** *See generally*, 9 C. Wright & A. Miller, FED. PRAC. & PROC. CIV. § 2364 (4th ed.) (current through May 2025 update); McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986) (citations omitted and emphasis added) ("[T]he district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."). A district court's dismissal of a plaintiff pursuant to Rule 41(a)(2), including any conditions imposed with respect thereto, is within its sound discretion. McCants, 781 F.2d at 857 (citations omitted).

**Terms and conditions imposed by a district court upon granting a Rule 41(a)(2) voluntary dismissal motion are generally for the defendant's protection.** 9 C. Wright & A. Miller, *supra*, at § 2366. While a court may properly award costs (and potentially attorney fees) as a condition of a Rule 41(a)(2) dismissal, the Defendants do not seek the same at this juncture. Id.; McCants, 781

F.2d at 857. Rather, the Defendants seek to impose conditions on a Rule 41(a)(2) dismissal of the Brandstadts "designed to alleviate the prejudice the defendant[s] might otherwise suffer," McCants, 781 F.2d at 860, and to "otherwise reduce the inconvenience to the defendant[s] caused by [the dismissal]." 9 C. Wright & A. Miller at § 2366. Such conditions often relate to discovery. Id.

The conditions sought by the Defendants with respect to dismissal of the Brandstadts as parties and the affirmative claims they have prosecuted against Defendants in the Northern District of Alabama are as follows:

1. **Matthew Brandstadt, Brian Brandstadt, and Daniel Brandstadt will agree to accept service of subpoenas *duces tecum* and *ad testificandum* issued through the United States District Court for the Northern District of Alabama upon their current counsel in Alabama and consent to the personal and subject matter jurisdiction of this Honorable Court with respect to any motion to compel or otherwise seek enforcement regarding the same.**

2. **Matthew Brandstadt, Brian Brandstadt, and Daniel Brandstadt will agree to sit for depositions in Alabama or, at a minimum, will agree to voluntarily sit for depositions in Montana at a time and place agreed upon by counsel to this action.**

3. **Any objections to subpoenas and/or deposition notices by Matthew Brandstadt, Brian Brandstadt, and/or Daniel Brandstadt will be**

**filed and heard only by this Honorable Court, in the Northern District of Alabama.**

4. **Should Matthew Brandstadt, Brian Brandstadt, and/or Daniel Brandstadt re-file their claims against Defendants in this or any other jurisdiction, pursuant to Fed. R. Civ. P. 41(d), they must pay Defendants' attorney fees and costs incurred through the date of their dismissal.**

The latter condition, regarding Rule 41(d), is sought by Defendants under the authority of Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1260 (11th Cir. 2001) (citing McCants, *supra*, and holding that "the district court does not abuse its broad equitable discretion by dismissing the action without prejudice" and by "condition[ing] the dismissal on the payment of costs to the defendant should the plaintiff later refile") (internal quotations omitted); *see also* Malone v. City of Decatur, Alabama, No. 5:16-CV-483-LCB, 2020 WL 6691331, at *1 (N.D. Ala. Oct. 9, 2020) (Hon. Liles C. Burke), *aff'd sub nom.* Malone v. Pro. Prob. Servs., Inc., No. 20-14227, 2021 WL 3661113 (11th Cir. Aug. 18, 2021) (citing Pontenberg and McCants in a case involving an agreed dismissal with prejudice: "District courts enjoy[] broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2) . . . **[b]ecause the primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side.**") (emphasis added and internal quotations omitted).

The conditions requested herein would alleviate any prejudice and inconvenience to the Defendants by the Brandstadts' voluntary dismissal and are soundly within the discretion granted to this Honorable Court under clear and longstanding Eleventh Circuit precedent. Specifically, it is apparent from the allegations of the Complaint (as well as the proposed Amended Complaint) in addition to the documents produced by the Plaintiff thus far that the Brandstadts will be material witnesses, whose testimony will be necessary and critical to the defense of this case. The Brandstadts are all residents and citizens of the State of Montana (Complaint [Document 1] at ¶ 5) and upon their dismissal, they would arguably no longer be subject to the personal and subject matter jurisdiction of this Court. Requiring the Defendants to issue subpoenas, and commence any enforcement action related to the same, in the United States District Court for the District of Montana would result in substantial effort, time, and expense that would not be required if the Brandstadts remained parties to the present action that they voluntarily commenced in the Northern District of Alabama. As such, the conditions Defendants seek to impose on the Brandstadts' dismissal are both reasonable and rationally related to avoiding the substantial prejudice that would result from a dismissal of the Brandstadts without any conditions attached.

Given the foregoing, **the Defendants are unopposed to a proper motion for voluntary dismissal filed by the Brandstadts pursuant to Rule 41(a)(2) under**

**the conditions set forth hereinabove.** The Defendants **do oppose** an attempt to circumvent Rule 41 by the proposed Amended Complaint, which is procedurally improper and attempts to merely drop the Brandstadts' claims without conditions or consequences via Rule 15(a)(2). Should the Plaintiffs wish to properly dismiss the Brandstadts with a Rule 41(a)(2) motion, the Defendants will address any subsequent proposed Amended Complaint on its own merits.[1] As it currently stands, the Plaintiffs Motion for Leave to File Amended Complaint is due to be **DENIED**.

WHEREFORE, premises considered, Defendants Heidi Feek, Townsquare Media, Inc. d/b/a Taste of Country, and Carena Liptak jointly pray for the relief herein requested as well as such other and further relief as they may show themselves entitled.

Respectfully submitted this the 28th day of July, 2025,

s/ Larry B. Moore
**LARRY B. MOORE** (ASB-4345-O74L)

s/ Ian Michael Berry
**IAN MICHAEL BERRY** (ASB-7372-A32B)
Attorneys for Defendant
Heidi Feek

[1] Specifically, the Defendants reserve the right to move to strike any allegations in the proposed Amended Complaint that are no longer relevant or actionable if the Brandstadts are dismissed. The Defendants also reserve the right to further strike any new allegations asserted in the proposed Amended Complaint brought under the guise of asserting personal jurisdiction over Liptak. Liptak withdrew her motion to dismiss for lack of personal jurisdiction and, therefore, the issue is no longer contested.

OF COUNSEL:

MOORE, BERRY & LINVILLE
211 North Court Street
Post Office Box 9
Florence, Alabama 35631
(256) 718-0120
(256) 718-0251 (facsimile)
lbmoore@mblattorneys.com
imberry@mblattorneys.com

**DOUGLAS B. HARGETT** (ASB-9928-S81H)
**G. RICK HALL** (ASB-0484-L37G)
LOFTIN, HOLT, HALL & HARGETT, LLP
201 South Court Street, Suite 320
Florence, Alabama 35630
(256) 981-7750
doublas@loftinholt.com
rick@loftinholt.com

s/ John G. Thompson, Jr.
**JOHN G. THOMPSON, JR.** (ASB-2376-H64T)
**TATUM L. JACKSON** (ASB-1991-P65P)
Attorneys for Defendants
Townsquare Media, Inc. d/b/a Taste of Country
and Carena Liptak

OF COUNSEL:
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (facsimile)
jthompson@lightfootlaw.com
tjackson@lightfootlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing upon the following counsel of record by CM/ECF on this the 28th day of July, 2025:

**R. Aaron Chastain, Esq.**
**J. Graham Gilmore, Esq.**
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
*Attorneys for Plaintiffs*

s/ Larry B. Moore
Of Counsel