# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **HERITAGE MINISTRIES d/b/a HOMESTEAD HERITAGE; HERITAGE BARNS, LLC d/b/a HERITAGE RESTORATIONS,** | |
| **Plaintiffs,** | **CIVIL ACTION NO.:** |
| **v.** | **3:24-CV-01267-LCB** |
| **HEIDI CAROLINE FEEK; TOWNSQUARE MEDIA, INC. d/b/a TASTE OF COUNTRY; and CARENA ELIZABETH LIPTAK,** | <u>**JURY DEMAND**</u> |
| **Defendants.** | |

## ANSWER OF DEFENDANT HEIDI CAROLINE FEEK TO PLAINTIFFS' AMENDED COMPLAINT

COMES NOW Defendant Heidi Caroline Feek ("<u>Heidi</u>") and for her Answer to the Amended Complaint [Document 53] filed by Plaintiffs Heritage Ministries d/b/a Homestead Heritage ("<u>Homestead Heritage</u>") and Heritage Barns, LLC d/b/a Homestead Restorations ("<u>Homestead Restorations</u>") (collectively "<u>Plaintiffs</u>" or "<u>Homestead</u>") states as follows:

1.        Sentence 1: Denied in that the action only partially arises out of a family dispute. Sentence 2 and 3: Admitted. Sentence 4: Admitted access and visits were

stopped, but otherwise denied. Moreover, Heidi is "partners" with Hodges in the sense that they are lawfully married. The last sentence is admitted.

2.     Denied, except admitted that Heidi declined to retract. Plaintiff has sued Heidi because she has republished information unearthed by media outlets in Plaintiffs' backyard, though Plaintiffs never challenged in court the original publications or sought damages for what was widely published in Plaintiffs' community. Nor did those media outlets retract the publications. The powers that be at Homestead Heritage flinched from taking on the original publishers of the statements Heidi republished because they knew those media outlets had the resources and access to sources, witnesses and documents to prove the truth of what had been published. Plaintiffs now seek to bully a less formidable opponent by suing Heidi largely for repeating facts professional journalists reported after thorough and extensive investigation in reliance on numerous sources. Heidi has been targeted for suit even though her motive has been to protect her minor sister, while substantial for profit, professional enterprises have been allowed without recourse to make the same statements.

3.     Admitted that Plaintiff Heritage Ministries d/b/a Homestead Heritage is a Texas nonprofit corporation based in McLennan County, Texas.  Heidi does not have sufficient knowledge or information to admit or deny the remaining allegations of ¶ 3 and therefore denies the same.

4.     Admitted that Plaintiff Heritage Barns, LLC d/b/a Heritage Restorations is a Texas limited liability company and is headquartered in Texas. Heidi does not have sufficient information to admit or deny the remaining allegations of ¶ 4 and therefore denies the same.

5.     Admitted.

6.     Admitted to the best of Heidi's present knowledge and belief.

7.     Heidi does not have sufficient knowledge or information to admit or deny and the allegations are accordingly denied.

8.     Admitted that these are correct statements of law in the abstract, but Heidi does not have sufficient knowledge or information to admit or deny whether the facts support subject matter jurisdiction or the application of Alabama law.

9.     Admitted that venue is proper if subject matter jurisdiction exists but denied that there were any defamatory statements.

10.    Admitted, except that Heidi denies any statements were defamatory.

11.    Heidi denies there were any defamatory statements. Heidi admits Townsquare dealt with her in Alabama. Otherwise, Heidi does not have sufficient knowledge or information to admit or deny and the allegations are accordingly denied.

12.    Admitted Townsquare knew Heidi lived in Alabama. Otherwise, denied.

13.    Heidi does not have sufficient knowledge or information to admit or deny and the allegations are accordingly denied.

14.    Admitted with the caveat that Liptak's affidavit speaks for itself.

15.    Admitted with the caveat that Liptak's affidavit speaks for itself.

16.    Admitted with the caveat that Liptak's briefing speaks for itself.

17.    Admitted venue is proper if there is subject matter jurisdiction. Otherwise denied.

18.    Heidi does not have sufficient knowledge or information to admit or deny and the allegations are accordingly denied.

19.    Heidi does not have sufficient knowledge or information to admit or deny and the allegations are accordingly denied.    Moreover, Homestead's publications and statements speak for themselves.

20.    Heidi does not have sufficient knowledge or information to admit or deny and the allegations are accordingly denied.

21.    Heidi does not have sufficient knowledge or information to admit or deny and the allegations are accordingly denied.

22.    Heidi does not have sufficient knowledge or information to admit or deny and the allegations are accordingly denied.

23.    Denied that there were any defamatory statements. If these allegations are even remotely true, however, it is noteworthy that Homestead Heritage did not

pursue legal action against the Texas media outlets publishing the original reports, and/or also suggests there was no material damage to Homestead Heritage's reputation from the publications.  Moreover, Texas' mandatory reporting law speaks for itself.

24.    Denied.  As established in prior media accounts the Plaintiffs elected to not sue over, these allegations understate the instances of child abuse and mischaracterize the propriety of Homestead Heritage's response to the same.

25.    Admitted there have been many critics in the past, including former members and professional journalists, who have publicly discussed a culture contributing to and mishandling of child abuse by Homestead Heritage, none of whom Homestead Heritage elected to challenge in court. Otherwise, denied. Moreover, Texas' mandatory reporting law speaks for itself.

26.    Admitted that the story ran in the Texas Observer, but denied it was false or defamatory.

27.    Admitted that, rather than seek to have a court determine the Texas Observer story was false and defamatory, Homestead Heritage exercised its First Amendment rights to publicly respond by attacking the Texas Observer, its reporter and the former members who were its sources and thereby itself further republishing the facts in the story.  The website response speaks for itself, but Heidi denies it provided a persuasive or true response.

28.     Admitted WFAA ran a two-part story, but Heidi denies it only repeated the Texas Observer piece or was erroneous.

29.     Denied.  As with all posted videos, the video eventually rolled off the website in the ordinary course.  WFAA never withdrew or retracted its story.

30.     Admitted that, rather than seek to have a court determine the WFAA story was false and defamatory, Homestead Heritage exercised its First Amendment rights to publicly respond by attacking WFAA, its reporter and the former members who were their sources and thereby itself further republishing the facts in the story. The website response speaks for itself, but Heidi denies it provided a persuasive or true response.

31.     Admitted a video was published, which speaks for itself. Heidi denies the video somehow means she acted wrongfully in republishing the independently investigated news reports. Rather, it means Homestead Heritage itself republished the allegations to attempt to rebut them and had access and means to defend itself in the public arena exercising its First Amendment rights without trying to cancel the rights of others. Denied that the WFAA report was deleted. Denied that the "membership" is material as all had affiliation with Homestead Heritage, and Heidi never said they were all members. Denied that Homestead Heritage's responses in reporting what occurred were timely or appropriate. All allegations not admitted are denied.

32.    Heidi knows Homestead Heritage claims there was a Petition but does not have sufficient knowledge or information to admit or deny the allegations of this paragraph, including the basis of knowledge of those signing and whether they acted freely in doing so.

33.    Denied that there was any causal connection to Mr. Shipp changing jobs or that WFAA took the story off its website. As with all posted videos, the video eventually rolled off the website in the ordinary course.  WFAA never withdrew or retracted its story.  The remaining allegations of this paragraph, if any, are denied.

34.    Admitted to the best of Heidi's present knowledge and belief.  As noted in the original Complaint, the wedding was attended by Matthew Brandstadt, Brian Brandstadt, and Daniel Brandstadt.

35.    Admitted that Heidi did not attend the wedding and that Instagram posts made by Heidi speak for themselves.  These posts were neither false nor defamatory. The remaining allegations of this paragraph, if any, are denied.

36.    Admitted.  Heidi's Instagram posts speak for themselves.

37.    Heidi admits she republished some of the WFAA news report, suggested a Google search, and that the WFAA news report stated the same facts that the Plaintiffs have now sued Heidi over. All other allegations are denied. Heidi's Instagram posts speak for themselves.

38.     The statements in the video speak for themselves, and Heidi denies they are false or defamatory.

39.     Denied.

40.     Admitted.  Heidi's Instagram posts speak for themselves.

41.     Heidi does not have sufficient knowledge or information to admit or deny and the allegations are accordingly denied.

42.     Denied.

43.     Admitted.  Heidi's Instagram posts speak for themselves.

44.     Admitted the WFAA story (as well as other media reports) contained this language and that Heidi republished it.  The WFAA story speaks for itself.

45.     Denied.

46.     Heidi admits she stated her actions and beliefs as quoted, but denies those opinions are false and defamatory.  Heidi's Instagram posts speak for themselves.

47.     Denied. There are multiple published reports quoting former members about various forms of abuse of children, from sexual, physical, emotional and all the way to total cultural and educational deprivation due to the cult-like restrictions and dogma compelled on the children.  These reports include publications from established news organizations interviewing numerous sources going back to 2012 and as recently as September of 2024 after this lawsuit was filed by The Independent.

Countless people and news organizations over the years have made these allegations, and the first person Homestead ever sued for discussing these matters is Heidi, whose only motive is to protect her minor sister with special needs.

48.    Heidi did not make this video, nor has the party making the video been sued by Homestead. The video speaks for itself.

49.    Heidi did not make this video, nor has the party making the video been sued by Homestead. The video speaks for itself.

50.    Denied.

51.    Heidi did not say these things. They were stated in a video made by someone else. For this reason and because the allegations are believed to be substantively true, the allegations are denied.

52.    Admitted that Taste of Country published the Article written by Liptak on August 29, 2024.  The remaining allegations of ¶ 52 are denied.

53.    Admitted the Article, which speaks for itself, has the screenshot described, but denied that stating such is actionable or not well-founded.

54.    Denied.

55.    The Article speaks for itself.  The remaining allegations of ¶ 55 are denied.

56.    The Article speaks for itself.  The remaining allegations of ¶ 56 are denied.

57.    Heidi does not have sufficient knowledge or information to admit or deny, but if this lawsuit is any indication, contacting Homestead for comment would just result in misinformation and misplaced accusations that reports supported by statements from multiple sources are not the appropriate topic for the exercise of first amendment rights to speech.

58.    Heidi does not know which other outlets picked up the statements in the article or why they did so, but denies the remaining allegations.

59.    Admitted.

60.    Denied with the caveat that Heidi's Instagram posts speak for themselves.

61.    Denied. The claims are not unsubstantiated as they are based on multiple interviews and sources of the Texas Observer and WFAA. Additional sources speaking to The Independent confirm the factual basis for these allegations. Moreover, the same or similar statements have been republished by many news outlets over the years without any legal action being taken by the Plaintiffs because those professional media outlets had the resources and sources to fight back.

62.    Denied.

63.    Admitted to the extent that Heidi's Instagram posts speak for themselves.

64.    Denied. The reporting of professional media outlets substantiate the statements regarding abuse.  Moreover, the pending civil case is "other serious legal matters."  Brandstadt is accused by his former employer of, among other things, outright theft and animal neglect amounting to cruelty in the complaint. Heidi relied on a post from another referring to Brandstadt as a fugitive and her own layperson's understanding.  She understood Brandstadt had missed a court date.  Moreover, Heidi's Instagram posts speak for themselves.

65.    Denied.

66.    Admitted to the extent that Heidi's Instagram posts speak for themselves.

67.    Denied.

68.    Admitted Homestead published the referenced statement.

69.    Admitted because that is what Heidi believed.  Moreover, Heidi's Instagram posts speak for themselves.

70.    Denied.  Heidi cannot actively silence anyone, and it is rich for the Plaintiffs to complain about actively silencing those who disagree.

71.    Admitted.  Heidi's Instagram posts speak for themselves.

72.    Admitted.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.  All of this information and more was already in the public arena, published by much more substantial news outlets with a direct reach into Homestead's community.

77.    Heidi does not have sufficient knowledge or information to admit or deny these assertions to the extent they call for such.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Heidi does not have sufficient knowledge or information to admit or deny this allegation.

83.    Admitted a retraction demand was sent to which Heidi's attorney responded, which speaks for itself.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

## Count One

88.    Heidi incorporates herein her responses to all the prior allegations.

89.    Denied.

90.    Denied.

91.    Denied.    Published    media    reports    after    extensive    investigation concluded this.

92.    Denied.

93.    Denied.

94.    Heidi does not have sufficient knowledge or information to admit or deny the allegations of ¶ 94.

95.    Denied.

96.    Denied. Heidi posted a video that said "former members of Homestead say he is hiding at one of the satellite branches."

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

## Count Two

101.    Heidi incorporates herein her responses to all the prior allegations.

102.    Denied.

103.   Denied.

104.   Denied.

105.   Denied.

## Count Three

106.   Heidi incorporates herein her responses to all the prior allegations.

107.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

108.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

109.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

110.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

111.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

112.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

113.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

114.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

115.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

## Count Four

116.   Heidi incorporates herein her responses to all the prior allegations.

117.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

118.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

119.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

120.   These allegations are directed against different Defendants, but to the extent a response from Heidi is required, they are denied.

## Count Five

121.   Heidi incorporates herein her responses to all the prior allegations.

122.   Denied.

123.   Denied.  Heidi has made $0 off social media. Her increased engagement came largely because of her response to a blog published by Rory Feek.

124.   Denied.

125.   Heidi does not have sufficient knowledge or information to admit or deny, but notes the allegation contradicts basic common sense.

126.   Denied.

127.   Denied.

## Count Six

128.   Heidi incorporates herein her responses to all the prior allegations.

129.   Denied.

130.   Denied.

## Count Seven

131.   Heidi incorporates herein her responses to all the prior allegations.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied

136.   Denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof she would not otherwise bear, Heidi asserts the following affirmative and other defenses to Plaintiffs' claims:

1.     Heidi denies the material allegations of the complaint, both separately and severally, and demands strict proof thereof.

2.      Heidi denies Plaintiffs' entitlement to any of the relief requested.

3.      Plaintiffs have failed to state a claim against Heidi upon which relief can be granted, including failing to plead essential elements of their claims.

4.      Heidi avers the defenses of waiver and estoppel based on Plaintiffs' long history of not legally contesting the same and similar statements that Heidi republished.

5.      Heidi acted in good faith and reasonably by relying upon, among other things, the professional media sources who had thoroughly investigated the information she had republished, including interviewing multiple sources, and the fact that none of the publications had been retracted, nor had the Plaintiffs brought legal action regarding the same.

6.      Heidi could not have acted intentionally or with *Sullivan* malice because she relied upon, among other things, the professional media sources who had thoroughly investigated the information she had republished, including interviewing multiple sources, and the fact that none of the publications had been retracted, nor had the Plaintiffs brought legal action regarding the same.

7.      Heidi denies that any conduct on her part was the proximate cause of Plaintiffs' claimed damages.

8.      The proximate or intervening/superseding causes of Plaintiffs' damages were the many, many prior publications regarding the same or similar

topics that Heidi republished and also the Plaintiffs' public pronouncements on the same.

9.    The Plaintiffs' claims are barred by their own misconduct and/or negligence.

10.    Heidi denies that her conduct was in any manner negligent, wanton, reckless, intentional, malicious, egregious, or in bad faith.

11.    Heidi asserts the defense of truth for any alleged statements.

12.    Heidi asserts any allegedly defamatory statements were conditionally or absolutely privileged under Alabama common law, statutes, regulation and/or the Alabama or U.S. Constitution.

13.    The Plaintiffs are all public figures and are required to proof the elements of the case by clear and convincing evidence, including that Heidi acted with *Sullivan* malice and the falsity of the publications.

14.    The publications challenged were of public concern and therefore the Plaintiffs are required to prove the elements of the case by clear and convincing evidence, including that Heidi acted with *Sullivan* malice and had knowledge of the falsity of the publications.

15.    Any alleged defamatory statements were constitutionally protected as opinion or otherwise.

16.    Any comments by Heidi are protected under the doctrines of fair comment or reply.

17.    Heidi's conduct is protected by the defense of justification or her own duties or by defense of others.

18.    If it is established that Heidi is in any manner legally responsible for any of the damages claimed, such damages were proximately contributed to and caused by other persons or entities, and, hence, Heidi is entitled to equitable and applied indemnity/contribution from each of said other persons and entities in an amount in direct proportion to the culpable conduct of said other persons or entities.

19.    Plaintiffs have failed to mitigate their alleged damages.

20.    Plaintiffs have failed to join necessary or indispensable parties.

21.    Plaintiffs do not have standing to assert the claims for damages to other persons not a party to the case.

22.    Their claims are barred by illegal, unethical or immoral conduct in which the Plaintiffs were involved.

23.    The imposition of punitive damages under Alabama law is unconstitutional because it permits the imposition of an excessive criminal fine and does not require proof beyond a reasonable doubt.

24.    The imposition of punitive damages would violate Heidi's rights under the Fifth Amendment to the United States Constitution, the due process and equal

protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution because Alabama law allows for the imposition of punitive damages in an arbitrary and capricious manner, does not provide adequate notice to Heidi of the severity of the award and is not rationally related to any legitimate government interest.

25.    The imposition of punitive damages in this case would violate the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution because the procedures under Alabama law for awarding punitive damages do not provide specific standards on which the award may be based and permit different awards for the same or similar acts.

26.    Alabama law permitting the imposition of punitive damages is unconstitutionally vague because there are no specific standards by which such an award is made.

27.    The imposition of punitive damages in this case would violate the due process clause of the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution because the procedures for such an award do not provide for a reasonable limit on the amount of the award.

28.    The imposition of punitive damages in this case would violate the process clause of the United States Constitution and Article I, Sections 1, 6 and 22

of the Alabama Constitution because Heidi was not given notice of the conduct that would subject her to punishment or the severity of the penalty that may be imposed solely by the unbridled discretion of the jury.

29.    Heidi asserts that an award of punitive damages may not exceed the limits imposed under Ala. Code § 6-11-21, as amended.

30.    Plaintiffs have allowed the publicly available, allegedly defamatory statements and comments to remain online and on other publicly available sources without challenging the same, and they have thereby waived, are estopped, or are otherwise precluded from challenging the same.

31.    Statements made for the protection of others are privileged.  *See* RESTATEMENT (SECOND) OF TORTS § 594.

Respectfully submitted this the 22nd day of August, 2025,

*s/ Larry B. Moore*
_____
**LARRY B. MOORE** (ASB-4345-O74L)
**IAN MICHAEL BERRY** (ASB-7372-A32B)
Attorneys for Defendant
Heidi Feek

OF COUNSEL:
MOORE, BERRY & LINVILLE
211 North Court Street
Post Office Box 9
Florence, Alabama 35631
T: 256.718.0120
F: 256.718.0251
E: lbmoore@mblattorneys.com
    imberry@mblattorneys.com

**DOUGLAS B. HARGETT** (ASB-9928-S81H)
**G. RICK HALL** (ASB-0484-L37G)
LOFTIN, HOLT, HALL & HARGETT, LLP
201 South Court Street, Suite 320
Florence, Alabama 35630
(256) 981-7750
douglas@loftinholt.com
rick@loftinholt.com

## JURY DEMAND

Defendant hereby demands trial by struck jury.


*s/ Larry B. Moore*
Of Counsel


## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing upon the following counsel of record by CM/ECF on this the 22nd day of August, 2025:

| | |
|---|---|
| **R. Aaron Chastain, Esq.** | **Tatum L. Jackson, Esq.** |
| **J. Graham Gilmore, Esq.** | **John G. Thompson, Esq.** |
| BRADLEY ARANT BOULT CUMMINGS, LLP | LIGHTFOOT, FRANKLIN & WHITE, LLC |
| One Federal Place | The Clark Building |
| 1819 Fifth Avenue North | 400 N. 20th Street |
| Birmingham, AL 35203-2119 | Birmingham, AL 35203 |
| *Attorneys for Plaintiffs* | *Attorneys for Townsquare Media Inc. d/b/a Heritage Restorations and Carena Elizabeth Liptak* |


*s/ Larry B. Moore*
Of Counsel