FILED
2025 Aug-22 AM 11:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **HERITAGE MINISTRIES D/B/A HOMESTEAD HERITAGE; HERITAGE BARNES, LLC D/B/A HERITAGE RESTORATIONS,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **3:24-CV-01267-LCB** |
| **HEIDI CAROLINE FEEK; TOWNSQUARE MEDIA, INC. D/B/A TASTE OF COUNTRY; and CARENA ELIZABETH LIPTAK,** | ) | |
| **Defendants.** | ) | |

## ANSWER TO AMENDED COMPLAINT

Defendants Townsquare Media, Inc. d/b/a Taste of County ("Townsquare") and Carena Elizabeth Liptak (collectively "Townsquare Defendants") answer Plaintiffs' Amended Complaint as follows:

### Nature of the Action

1. Townsquare Defendants admit that Mr. Hodges and Ms. Feek have initialed legal action in the Juvenile Court for Maury County, Tennessee, seeking changes to the Minor's custodial arrangement. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 and on that basis deny them.

2. Townsquare Defendants admit that Taste of Country published an article on August 29, 2024, called "Rory Feek's Daughters are Pursuing Legal Action Against Him – Here's Why [Exclusive]" (the "Article"). Townsquare Defendants deny that the Article contains false, defamatory, and harmful statements about Plaintiffs. Townsquare Defendants admit that on August 29, 2024, Plaintiffs sent a retraction demand to the Townsquare Defendants and that Townsquare Defendants did not remove or edit the Article. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 and on that basis deny them.

**Parties**

3. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and on that basis deny them.

4. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and on that basis deny them.

5. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 and on that basis deny them.

6. Townsquare Defendants admit that Townsquare Media, Inc. d/b/a Taste of Country is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1 Manhattan Rd., Suite 202, Purchase, New York 10577, making it a citizen of the states of New York and Delaware. Townsquare Defendants admit that Townsquare Media, Inc. d/b/a Taste of Country owns and operates a website at the URL www.tasteofcountry.com and that its X account has more than 561,800 followers. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 and on that basis deny them.

7. Townsquare Defendants admit that Carena Liptak is an Associate Editor and State Writer at Taste of Country and a citizen of the State of New York. Townsquare Defendants deny that Ms. Liptak is a citizen of the State of Kentucky.

## Jurisdiction and Venue

8. Paragraph 8 asserts a legal conclusion to which no response is required. To the extent a response may be required, Townsquare Defendants do not contest subject matter jurisdiction.

9. Paragraph 9 asserts a legal conclusion to which no response is required. To the extent a response may be required, Townsquare Defendants deny the allegations set forth in Paragraph 9.

10. Paragraph 10 is not directed at Townsquare Defendants and asserts a legal conclusion to which no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and on that basis deny them.

11. Paragraph 11 asserts a legal conclusion to which no response is required. To the extent a response may be required, Townsquare Defendants do not contest personal jurisdiction as to Townsquare Media. The Townsquare Defendants deny the remaining allegations set forth in Paragraph 11.

12. Paragraph 12 asserts a legal conclusion to which no response is required. To the extent a response may be required, Townsquare Defendants deny the allegations set forth in Paragraph 12.

13. Townsquare Defendants admit that Taste of Country conducts business in Alabama. Townsquare Defendants deny the remaining allegations set forth in Paragraph 13.

14. Townsquare Defendants admit that Ms. Liptak communicated with Defendant Heidi Feek as part of her prepublication investigative work related to the Article. Townsquare Defendants admit that Ms. Liptak submitted a declaration in support of her motion to dismiss the claims against her for lack of personal

jurisdiction. Townsquare Defendants further state that Ms. Liptak withdrew her motion to dismiss for lack of personal jurisdiction and the supporting declaration.

15. Townsquare Defendants admit that Ms. Liptak communicated with Defendant Heidi Feek as part of her prepublication investigative work related to the Article. Townsquare Defendants admit that Ms. Liptak submitted a declaration in support of her motion to dismiss the claims against her for lack of personal jurisdiction. Townsquare Defendants further state that Ms. Liptak withdrew her motion to dismiss for lack of personal jurisdiction and the supporting declaration.

16. Townsquare Defendants admit that Ms. Liptak communicated with Defendant Heidi Feek as part of her prepublication investigative work related to the Article. Townsquare Defendants admit that Ms. Liptak submitted a declaration in support of her motion to dismiss the claims against her for lack of personal jurisdiction. Townsquare Defendants further state that Ms. Liptak withdrew her motion to dismiss for lack of personal jurisdiction and the supporting declaration. Townsquare Defendants deny that these statements further emphasize Ms. Liptak's disregard for the truth.

17. Paragraph 17 asserts a legal conclusion to which no response is required. To the extent a response may be required, Townsquare Defendants deny the allegations set forth in Paragraph 17.

## Facts

18. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and on that basis deny them.

19. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and on that basis deny them.

20. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and on that basis deny them.

21. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and on that basis deny them.

22. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 and on that basis deny them.

23. Townsquare Defendants deny that the Article contains defamatory statements about Homestead Heritage and that the Article caused "reputational harm and actual losses to Homestead Heritage itself." Townsquare Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 and on that basis deny them.

24. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 and on that basis deny them.

25. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and on that basis deny them.

26. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 and on that basis deny them.

27. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 and on that basis deny them.

28. Townsquare Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 and on that basis deny them.

29. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 and on that basis deny them.

30. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 and on that basis deny them.

31. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 and on that basis deny them.

32. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 and on that basis deny them.

33. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 and on that basis deny them.

34. Townsquare Defendants admit that Rory and the Minor's school teacher, Rebecca, got married at Greycliff Mill in Greycliff, Montana. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 and on that basis deny them.

35. Paragraph 35 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 and on that basis deny them.

36. Paragraph 36 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 and on that basis deny them.

37. Paragraph 37 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 and on that basis deny them.

38. Paragraph 38 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 and on that basis deny them.

39. Paragraph 39 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 and on that basis deny them.

40. Paragraph 40 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 40 and on that basis deny them.

41. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 and on that basis deny them.

42. Paragraph 42 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 and on that basis deny them.

43. Paragraph 43 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 and on that basis deny them.

44. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 and on that basis deny them.

45. Paragraph 45 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 and on that basis deny them.

46. Paragraph 46 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 46 and on that basis deny them.

47. Paragraph 47 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 and on that basis deny them.

48. Paragraph 48 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 and on that basis deny them.

49. Townsquare Defendants lack information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 49 and on that basis deny them.

50. Paragraph 50 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 and on that basis deny them.

51. Paragraph 51 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 and on that basis deny them.

52. Townsquare Defendants admit that on August 29, 2024, Taste of Country published "Rory Feek's Daughters are Pursuing Legal Action Against Him – Here's Why [Exclusive]" (the "Article"). Townsquare Defendants deny the remaining allegations set forth in Paragraph 52.

53. Admitted.

54. Denied.

55. As to the quoted excerpts from the Article, Townsquare Defendants state that the Article speaks for itself and no response is required. Townsquare Defendants otherwise deny that the Article is false or defamatory and deny all of the remaining allegations in Paragraph 55.

56. Townsquare Defendants admit that the Article incorporates a link to a YouTube video of an ABC News Report. Townsquare Defendants deny the remaining allegations set forth in Paragraph 56.

57. Denied.

58. Townsquare Defendants admit that Carena Liptak did not contact Plaintiffs before publishing the Article. Townsquare Defendants deny the remaining allegations set forth in Paragraph 58.

59. Townsquare Defendants lack information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 59 and on that basis deny them.

60. Paragraph 60 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 60 and on that basis deny them.

61. Paragraph 61 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 and on that basis deny them.

62. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 62 are not directed at Townsquare Defendants and contain legal

conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 62.

63. Paragraph 63 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 63 and on that basis deny them.

64. Paragraph 64 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 64 and on that basis deny them.

65. Paragraph 65 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 and on that basis deny them.

66. Paragraph 66 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 66 and on that basis deny them.

67. Paragraph 67 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 and on that basis deny them.

68. Townsquare Defendants lack information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 68 and on that basis deny them.

69. Townsquare Defendants lack information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 69 and on that basis deny them.

70. Townsquare Defendants lack information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 70 and on that basis deny them.

71. Paragraph 71 is not directed at Townsquare Defendants and therefore no response is required. To the extent a response may be required, Townsquare Defendants state that Heidi Feek's posts on social media speak for themselves and require no response from Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 71 and on that basis deny them.

72. Townsquare Defendants lack information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 72 and on that basis deny them.

73. Paragraph 73 is not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 and on that basis deny them.

74. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 74 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 74.

75. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 75 are not directed at Townsquare Defendants and contain legal

conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 75.

76. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 76 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 76.

77. Townsquare Defendants lack information or knowledge sufficient to form a basis as to the truth of the allegations in Paragraph 77 and on that basis deny them.

78. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 78 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 78.

79. Denied as to Townsquare Defendants. The remaining allegations of Paragraph 79 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 79.

80. Denied as to Townsquare Defendants. Townsquare Defendants lack information or knowledge sufficient to form a basis as to the truth of the remaining allegations in Paragraph 80 and on that basis deny them.

81. Denied as to Townsquare Defendants. Townsquare Defendants lack information or knowledge sufficient to form a basis as to the truth of the remaining allegations in Paragraph 81 and on that basis deny them.

82. Townsquare Defendants admit that on August 29, 2024, Plaintiffs sent a retraction demand to the Townsquare Defendants and that Townsquare Defendants did not remove or edit the Article. Townsquare Defendants deny that the Article contains defamatory statements.

83. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and on that basis denies them.

84. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 84 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 84.

85. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 85 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 85.

86. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 86 are not directed at Townsquare Defendants and contain legal

conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 86.

87. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 87 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 87.

**Count One**
**Defamation Per Se by Ms. Feek**

88. Townsquare Defendants incorporate their responses to the allegations in Paragraph 1-87 above as if set forth fully herein.

89. Paragraph 89 not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 and on that basis deny them.

90. Paragraph 90 not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis deny them.

91. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis deny them.

92. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and on that basis deny them.

93. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and on that basis deny them.

94. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis deny them.

95. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and on that basis deny them.

96. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and on that basis deny them.

97. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis deny them.

98. Paragraph 98 not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 and on that basis deny them.

99. Paragraph 99 not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 and on that basis deny them.

100. Paragraph 100 not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 and on that basis deny them.

**Count Two**
**Defamation Per Quod by Ms. Feek**

101. Townsquare Defendants incorporate their responses to the allegations in Paragraph 1-100 above as if set forth fully herein.

102. Paragraph 102 not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 and on that basis deny them.

103. Paragraph 103 not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 and on that basis deny them.

104. Paragraph 104 not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 and on that basis deny them.

105. Paragraph 105 not directed at Townsquare Defendants and asserts a legal conclusion and therefore no response is required. To the extent a response may

be required, Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 and on that basis deny them.

**Court Three**
**Defamation Per Se by Townsquare Defendants' Publication of the August 29, 2014 Article**

106. Townsquare Defendants incorporate their responses to the allegations in Paragraph 1-105 above as if set forth fully herein.

107. Townsquare Defendants admit that the Article was published on August 24, 2024. Townsquare Defendants deny the remaining allegations set forth in Paragraph 107.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Townsquare Defendants admit that they did not remove or edit the Article. Townsquare Defendants deny the remaining allegations set forth in Paragraph 114.

115. Townsquare Defendants deny that Plaintiffs are entitled to any of the relief claimed in Paragraph 115.

**Count Four**
**Defamation Per Quod by Townsquare Defendants' Publication of the August 29, 2024 Article**

116. Townsquare Defendants incorporate their responses to the allegations in Paragraph 1-115 above as if set forth fully herein.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

**Court Five**
**Unjust Enrichment (Against All Defendants)**

121. Townsquare Defendants incorporate their responses to the allegations in Paragraph 1-120 above as if set forth fully herein.

122. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 122 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 122.

123. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and on that basis deny them.

124. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and on that basis deny them.

125. Denied.

126. Denied as to Townsquare Defendants. Townsquare Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 and on that basis deny them.

127. Denied as to Townsquare Defendants. The remaining allegations of Paragraph 127 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 127.

**Count Six**
**Intentional Infliction of Emotional Distress (Against All Defendants)**

128. Townsquare Defendants incorporate their responses to the allegations in Paragraph 1-127 above as if set forth fully herein.

129. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 129 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 129.

130. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 130 are not directed at Townsquare Defendants and contain legal

conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 130.

**Count Seven**
**False Light Invasion of Privacy (Against All Defendants)**

131. Townsquare Defendants incorporate their responses to the allegations in Paragraph 1-130 above as if set forth fully herein.

132. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 132 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 132.

133. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 133 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 133.

134. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 134 are not directed at Townsquare Defendants and contain legal conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 134.

135. Denied as to the Townsquare Defendants. The remaining allegations of Paragraph 135 are not directed at Townsquare Defendants and contain legal

conclusions and therefore no response is required. To the extent a response is required, Townsquare Defendants deny the remaining allegations of Paragraph 135.

136. Townsquare Defendants deny that Plaintiffs are entitled to any of the relief claimed in Paragraph 136 or the unnumbered WHEREFORE paragraph following Paragraph 136.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Townsquare Defendants deny all allegations, declarations, claims or assertions in the Complaint that are not specifically admitted in this Answer.

## DEFENSES

By alleging the separate and additional defenses set forth below, Townsquare Defendants are not in any way agreeing or conceding that they have the burden of proof or the burden of persuasion on any of these issues.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the First and Fourteenth Amendments to the Constitution of the United States and Article I, Section 5 of the Alabama Constitution.

**THIRD DEFENSE**

Any allegedly defamatory statement or implication about Plaintiffs is true or substantially true, and Plaintiffs cannot carry their burden of proving that any such statement or implication is materially false.

**FOURTH DEFENSE**

Some or all of the statements at issue are not reasonably capable of the defamatory meaning attributed to them by Plaintiffs.

**FIFTH DEFENSE**

Townsquare Defendants acted without malice, in both the constitutional sense and the common law sense, and without the requisite scienter, in both the constitutional sense and the common law sense, in all of its conduct relating to the statements at issue.

**SIXTH DEFENSE**

Townsquare Defendants acted without fault, as required by the United States Constitution, in all of its conduct relating to the statements at issue.

**SEVENTH DEFENSE**

Plaintiffs have not suffered any actual, monetary damages.

**EIGHTH DEFENSE**

By reason of the First and Fourteenth Amendments to the Constitution of the United States, Defendants are immune from liability for punitive or exemplary damages under the circumstances alleged in the First Amended Complaint.

**NINTH DEFENSE**

Plaintiffs' demand for punitive damages is barred by the First, Fifth and Fourteenth Amendments to the Constitution of the United States and by Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because Alabama law allows for the imposition of punitive damages in an arbitrary and capricious manner, does not provide adequate notice to Townsquare Defendants of the severity of the award and is neither rationally related to any legitimate government interest nor narrowly tailored.

**TENTH DEFENSE**

The imposition of punitive damages under Alabama law is unconstitutional because it permits the imposition of an excessive criminal fine and does not require proof beyond a reasonable doubt.

**ELEVENTH DEFENSE**

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because the procedures under Alabama

law for awarding punitive damages do not provide specific standards on which the award may be based and permit different awards for the same or similar acts.

**TWELFTH DEFENSE**

Alabama law permitting the imposition of punitive damages is unconstitutionally vague because there are no specific standards by which such an award is made.

**THIRTEENTH DEFENSE**

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because the procedures for such an award do not provide for a reasonable limit on the amount of the award.

**FOURTEENTH DEFENSE**

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because a defendant is not given notice of the conduct that would subject the defendant to punishment or the severity of the penalty that may be imposed solely by the unbridled discretion of the jury.

**FIFTEENTH DEFENSE**

Townsquare Defendants assert that an award of punitive damages may not exceed the limits imposed under Alabama Code § 6-11-21, as amended.

**SIXTEENTH DEFENSE**

Townsquare Defendants assert that punitive damages may not be imposed for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant under Alabama Code § 6-11-27.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims against Townsquare Defendants are barred in whole or in part by the equitable doctrine of unclean hands.

**EIGHTEENTH DEFENSE**

Venue in this action may be improper, or in the alternative, may be more appropriate in another forum.

**NINETEENTH DEFENSE**

The subject publication concerns a matter of public interest regarding a public figure/official.

**TWENTIETH DEFENSE**

Townsquare Defendants aver that the publication is privileged by Ala. Code § 13A-11-161.

**TWENTY-FIRST DEFENSE**

Townsquare Defendants assert the protections afforded them under Ala. Code § 12-21-142 and § 6-5-180, *et seq*.

## TWENTY-SECOND DEFENSE

To award Plaintiffs damages for alleged pain and suffering, mental anguish, or emotional distress in the absence of any standards for the determination of pain and suffering, mental anguish, or emotional distress and/or the absence of any requirement for corroborating or objective evidence of pain and suffering, mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Townsquare Defendants aver that such an award in this case would violate both the Alabama Constitution and the United States Constitution and for the other separate and several reasons stated herein.

## TWENTY-THIRD DEFENSE

Any claim Plaintiffs may assert for alleged mental anguish is barred absent a showing of actual physical injury or physical manifestation of mental anguish/emotional distress. Plaintiffs are not entitled to recover damages for such alleged mental anguish unless Plaintiffs produce evidence proving that the alleged mental anguish was so severe that an ordinary person would not be expected to endure it.

## ADDITIONAL DEFENSES

Townsquare Defendants hereby give notice that, due to their incomplete knowledge as to the matters set forth in the Complaint, they are unable to determine whether they have additional defenses not expressly enumerated in the preceding

paragraphs or elsewhere in this Answer. Townsquare Defendants thus reserve their right to amend their Answer, to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

**JURY DEMAND**

Townsquare Defendants demand a trial by jury of all issues triable by jury.

**WHEREFORE**, Townsquare Defendants respectfully requests that:

a. Plaintiffs' Complaint be dismissed in its entirety with prejudice; and

b. Such other relief as the Court deems just and proper

Dated: August 22, 2025

Respectfully submitted,

*/s/ John G. Thompson*
John G. Thompson
*jthompson@lightfootlaw.com*
Tatum L. Jackson
*tjackson@lightfootlaw.com*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

R. Aaron Chastain
J. Graham Gilmore
*ggilmore@bradley.com*
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Douglas B. Hargett
*douglas@loftinholt.com*
G. Rick Hall
*rick@loftinholt.com*
LOFTIN HOLT HALL & HARGETT LLP
201 South Court Street, Suite 320
Florence, Alabama 35630
(256) 381-7750

Larry B. Moore
*lbmoore@mblattorneys.com*
Ian Michael Berry
*imberry@mblattorneys.com*
MOORE, BERRY & LINVILLE
211 North Court Street
Post Office Box 9
Florence, Alabama 35631
(256) 718-0120

W. Evans Brittain
*ebrittain@ball-ball.com*
Sydney K. Brasfield
*sbrasfield@ball-ball.com*
BALL, BALL, MATTHEWS & NOVAK
P.O. Box 2148
Montgomery, Alabama 36104
(334) 387-2067

*/s/ John G. Thompson*
OF COUNSEL