FILED

2026 Jul-21  PM 12:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **HERITAGE MINISTRIES,** *doing* | **)** | |
| *business as* **HOMESTEAD** | **)** | |
| **HERITAGE,** *et al.,* | **)** | |
| | **)** | |
| **Plaintiffs,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Civil Action No. 3:24-cv-1267-CLS** |
| | **)** | |
| **HEIDI CAROLINE FEEK,** *et al.,* | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## MEMORANDUM OPINION

This opinion addresses the motion filed by defendants, seeking reconsideration

of the expert witness disclosure deadlines specified in the amended scheduling order

entered by this court on July 1, 2026.  *Compare* doc. no. 72 (Amended Scheduling

Order) *with* doc. no. 73 (Defendants' Motion to Reconsider Order Granting Plaintiffs'

Motion to Extend Scheduling Order Deadlines and Opposition to Plaintiffs' Motion).[1]

The motion is best understood in the context of the following procedural history.

The following entities are named as plaintiffs:  Heritage Ministries, doing

business as Homestead Heritage, and Heritage Barns LLC, doing business as Heritage

---

[1] The written text of defendants' motion to reconsider (doc. no. 73) opposes both the length of the deadline extensions granted by this court in the amended scheduling order entered on July 1, 2026 (doc. no. 72), as well as the additional time allowed to plaintiffs for the disclosure of expert witness(es).  However, during oral argument, defendants limited their request for reconsideration to the expert witness disclosure deadlines.

Restorations.[2]  The first of those entities (*i.e.*, Heritage Ministries, doing business as Homestead Heritage) is described as a Texas nonprofit corporation based in McLennan County, Texas, which allegedly is

> a Christian community that celebrates its faith by pursuing a simple, agrarian lifestyle and promotes that faith by hosting hundreds of thousands of guests annually to its craft village, country markets, fall harvest festival and annual Homestead Fair.  There are approximately 1,200 members of the church locally and 200,000 visitors to the village each year.

Doc. no. 53 (Amended Complaint) ¶ 3.[3]

The plaintiffs have lodged complex defamation claims against three defendants:  Heidi Feek, a resident of Florence, Alabama, who allegedly maintains an Instagram account with more than 48,000 followers;[4] Townsquare Media, a Delaware corporation with headquarters in New York which does business as the "Taste of Country," a website claiming more than 700,000 unique visitors, and an "X" (formerly Twitter) account boasting more than 560,000 followers;[5] and, journalist Carena Elizabeth Liptak, a resident of the State of New York who is an

---

[2] Doc. no. 53 (Amended Complaint), ¶¶ 3-4.  The original complaint also named three individual residents of the State of Montana as plaintiffs:  *i.e.*, Matthew Brandstadt, Brian Brandstadt, and Daniel Brandstadt.  Doc. no. 1 (Complaint), ¶ 5.  Even so, the Amended Complaint omitted those persons.

[3] Heritage Barns LLC, the last of the Heritage plaintiffs, is described as a Texas limited liability company doing business as Heritage Restorations.  Doc. no. 53, ¶ 4.

[4] *Id.*, ¶ 5.

[5] *Id.*, ¶ 6.

Associate Editor and Staff Writer at the Taste of Country.[6]  Among many other things, plaintiffs allege that defendants used their social media platforms to publish and amplify false and defamatory statements about plaintiffs — *to-wit*, that they perpetuate and conceal physical and sexual abuse of children — and that they did so with actual malice and knowledge of the falsity of the claims.

The case originally was assigned to United States Magistrate Judge Herman N. Johnson, Jr.[7]  When the parties failed to unanimously consent to the dispositive jurisdiction of a magistrate judge, the case was reassigned to United States District Judge Madeline Hughes Haikala.[8]  However, Judge Haikala recused the following week,[9] and the case was reassigned to United States District Judge Liles C. Burke.[10]

Judge Burke entered a scheduling order on September 4, 2025, which established the following deadlines:

> 1. **Pleadings and Parties**:  No causes of action, defenses, or parties may be added without leave of court.
>
> 2. **Discovery Cutoff**:  All discovery must be commenced in time to be completed by December 31, 2025.
>
> 3. **Mediation**:  Parties are to conduct mediation within 30 days

---

[6] *Id.*, ¶ 7.

[7] Doc. no. 2.

[8] Doc. no. 14.

[9] Doc. no. 15.

[10] Doc. nos. 14 and 17 (both entered on October 24, 2024).

after the close of discovery.

4. **Dispositive Motions**:  All potentially dispositive motions, including *Daubert* motions, must be filed by March 9, 2026.  * * * *

5. **Expert Testimony**:  Unless modified by court order for good cause shown, the disclosures of expert witnesses — including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert — are due:

From plaintiff[s] by September 30, 2025.

From defendant[s] by December 1, 2025.

6. **Final Lists**:  Lists of trial witnesses and exhibits must be filed by May 8, 2026.  Any objections to such lists, including objections under Federal Rule of Civil Procedure 26(a)(3), must be filed within fourteen days thereafter.

7. **Trial**:  The parties shall be ready for trial by June 2026.  * * *

Doc. no. 57 (Scheduling Order entered September 4, 2025) (boldface in original,

ellipses and bracketed alterations supplied).[11]

Twenty days later, however, Judge Burke entered an order of recusal and the

case was simultaneously reassigned to the undersigned:  the fourth judicial officer to

---

[11] The report of the parties' planning meeting submitted on November 26, 2024, revealed a disagreement on expert witness disclosures.  Plaintiffs asked for "Initial Reports" from any expert witness to be submitted simultaneously, on September 30, 2025, with "Rebuttal Reports" to be submitted within sixty days "of the Initial Report it rebuts."  Doc. no. 23 (Rule 26(f) Report), at 14. In contrast, the "Townsquare Defendants" argued that "expert discovery should be staggered as Plaintiffs carry the burden of proof on their claims," and they proposed the following schedule for disclosures — *i.e.*, September 30, 2025 as plaintiffs' expert witness disclosure deadline, and December 1, 2025 as defendants' deadline — with "Supplemental expert reports [to be] governed by the requirements of FED. R. CIV. P. 26(e)."  *Id*. at 15 (alteration supplied).  Thus, Judge Burke's Order (doc. no. 57) adopted the schedule advocated by defendants.

have possession of the file.[12]

The parties jointly filed a motion on November 12, 2025, asking the court "to enter an order *extending all remaining deadlines* by six (6) months."  Doc. no. 62 (Joint Motion to Extend Remaining Deadlines by Six Months), at 1 (emphasis supplied).  As grounds, the parties stated:

> 1. This is a complex case in which the parties have each produced thousands of pages of documents in paper discovery, which is largely complete.  Discovery has included forensic downloads of cellular phones and social media accounts that has taken more time than initially expected.
>
> 2.  Defendant Heidi Feek was deposed by the Plaintiffs on October 14, 2025.  The parties have six days set aside over a two week period to take depositions in Texas in December 2025.
>
> 3.  Additional depositions will be necessary, and will likely have to take place in Montana and New York.  *Expert depositions will also be necessary*.
>
> 4.  Due to scheduling conflicts of the parties, counsel, deponents, *and experts*, the parties do not believe that discovery can reasonably be completed by the current December 31, 2025 discovery cutoff.
>
> WHEREFORE, premises considered, *the parties jointly move* the Court *to extend all remaining deadlines* by six (6) months and pray for such further and other relief as they may show themselves entitled.

*Id*. at 1-2 (emphasis supplied).

On November 12, 2025 — the date upon which the foregoing joint motion to

---

[12] Doc. nos. 59 (September 24, 2025 Order of Recusal) and 60 (Notice of Reassignment).

extend "*all remaining deadlines* by six (6) months" was filed — the deadline specified in Judge Burke's preexisting Scheduling Order (doc. no. 57) for *plaintiffs* to disclose expert witnesses (September 30, 2025) *already had expired*, but the deadline for *defendants* to do so (December 1, 2025) *had not*.[13]  Even so, this court failed to note that anomaly,[14] and the order granting the parties' motion read as follows:

> This action is before the court on the parties' joint motion to amend the scheduling order. (Doc. 62).  Upon consideration, the motion is GRANTED.  The scheduling order entered on September 4, 2025 (Doc. 57) is hereby amended as follows:
>
> - Discovery Deadline:  June 30, 2026
>
> - Dispositive Motions:  September 9, 2026
>
> - Final Witness and Exhibit Lists:  November 9, 2026
>
> - Trial Ready:  December 2026.

Doc. no. 63 (Order entered November 13, 2025).

The failure of the foregoing order to address any deadline for *plaintiffs* to

---

[13] Doc. no. 57 (Scheduling Order entered September 4, 2025), at 2, ¶ 5.  Notably, plaintiffs state in their June 30, 2026 motion to extend deadlines (doc. no. 71) that they "*did not anticipate* that *Defendants' counsel's draft* of the joint motion for the extension [of deadlines filed on November 12, 2025 as doc. no. 62] would apply to *only* the '*remaining*' deadlines."  Doc. no. 71 (Plaintiffs' June 30, 2026 Motion to Extend Scheduling Order Deadlines), ¶ 27 (emphasis and alterations supplied).  That assertion strains credulity.  The phrase "remaining deadlines" clearly appears three times in the two-page motion: *i.e.*, in the title of the motion itself, in all-cap, bold-face words; in the initial, unnumbered paragraph ("enter an order extending all remaining deadlines"); and finally, in the concluding, unnumbered paragraph ("extend all remaining deadlines").

[14] "*The buck stops here*."  Harry S. Truman.

disclose expert witnesses was *correct*, because the deadline specified in Judge Burke's preexisting scheduling order (doc. no. 57) for plaintiffs to do so (September 30, 2025) *already had expired*. But, the omission of any reference to the *defendants'* disclosure obligation was *not correct*, because the deadline specified in Judge Burke's preexisting scheduling order (December 1, 2025) had *not expired*, and it should have been extended six months, to June 1, 2026.

A week after entry of the foregoing order (doc. no. 63), one of *defendants'* attorneys noted the omission of any reference to the topic of expert witnesses, and transmitted the following email to all counsel:

> All,
>
> As I am sure you saw, the court granted our joint motion to extend the scheduling order by 6 months. In the order, the court only called out a few deadlines with specific dates (discovery deadline, dispositive motions, witness exhibit lists, and trial ready date). But in the scheduling order (Doc. 57), we have a few other deadlines, including mediation and experts.
>
> We are assuming that because the court granted our joint motion in full, all deadlines were pushed back 6 months, *including expert deadlines. By that calculation, Plaintiffs' expert disclosure deadline would be March 30, 2026*, and Defendants' expert disclosure would be June 1, 2026. Though the Court's order does not expressly mention these dates, we propose that we jointly agree to abide by these dates, without the need to further burden the Court.
>
> *Please let us know if we have your agreement to this approach*.

Doc. no. 73-1 (November 21, 2025 Email from Tatum L. Jackson, representing Townsquare Media, Inc., and Carena Elizabeth Liptak), at ECF 2 (emphasis supplied).

That defense proposal had the effect of resurrecting *plaintiffs' expired* expert witness disclosure deadline and extending it six months.  Thus, it should come as no great surprise that, on the third day following the defense proposal,  one of plaintiffs' attorneys said "I'm good with this [*i.e.*, resurrecting *plaintiffs' expired deadline* and extending it to March 30, 2026]."[15]

Even so, plaintiffs did not make any expert witnesses disclosures by even that extended deadline.[16]  Defendants, however, timely disclosed two expert witnesses on June 1, 2026.

On the last day of the month of June 2026, plaintiffs filed a motion to further extend the litigation's controlling deadlines.[17]  Notably, that was the date specified in this court's November 13, 2025 amended scheduling order (doc. no. 63) for the parties to conclude discovery.[18]  Moreover, plaintiffs' motion asked the court to

---

[15] Doc. no. 73-2 (November 24, 2025 Email from Gray Gilmore, representing plaintiffs), at ECF 2 (alteration supplied).

[16] *See* doc. no. 71 (Plaintiffs' Motion to Extend Scheduling Order Deadlines), ¶¶ 27, 28. **Note well**:  Plaintiffs' motion originally was docketed as doc. no. 67, but that pleading was placed under seal and a redacted copy filed and docketed as doc. no. 71.

[17] *Id*. at 11 (referencing expert disclosures served by defendants on June 1, 2026).

[18] Doc. no. 71 (Plaintiffs' Motion to Extend Scheduling Order Deadlines).

extend *all* deadlines specified in *Judge Burke's September 4, 2025 Scheduling Order* (doc. no. 57) — *not* the deadlines stated in this court's November 13, 2025 amended scheduling order (doc. no. 63) — by twelve months.[19]  Plaintiffs specifically asked that their deadline for disclosing expert witnesses be extended to permit "rebuttal expert" disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii).[20]

Without considering the nuances of the foregoing facts, and without requesting a response from defendants, this court all too quickly entered an order on July 1, 2026,[21] extending the scheduling deadlines as follows:

- Discovery must be completed by March 31, 2027.

- All potentially dispositive motions must be filed by June 30, 2027.

- Expert disclosure deadlines:

    For plaintiffs:  December 31, 2026;

    For defendants:  March 31, 2027.

- Final lists of trial witnesses and exhibits:  August 31, 2027.

- The parties shall be ready for trial by September 30, 2027.

---

[19] *See id.* ¶ 20 ("Plaintiffs request that the Court expressly set and extend *all deadlines*, *including the expert-disclosure deadlines for all parties*, by 12 months from *the original September 4* [sic], *2025 scheduling order* (Doc. 57)." (emphasis and alteration supplied)).

[20] *Id.* ¶ 28.  The text of Federal Rule of Civil Procedure 26(a)(2)(D)(ii) is set out *infra*, in the Discussion section of this opinion.

[21] See note 14, *supra*.

Doc. no. 72 (Amended Scheduling Order entered July 1, 2026).

The foregoing recitation of procedural facts brings the court to the motion filed by defendants, seeking reconsideration of the amended scheduling order entered by this court on July 1, 2026.[22]

## DISCUSSION

"[D]istrict courts have discretion to revisit their prior interlocutory orders, considering both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1381 (11th Cir. 2024); *see also*, *e.g.*, *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir.2000) (holding that district courts possess "plenary power" over an interlocutory order, and the "power to reconsider, revise, alter, or amend it"). The grant or denial of a motion to reconsider is left to the discretion of the court. *See, e.g.*, *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). Defendants' arguments for reconsidering the July 1, 2026 amended scheduling order have merit, and were made as soon as practicable following entry of that order. Accordingly, the court proceeds to reconsider its amended order.

---

[22] *Compare* doc. no. 72 (Amended Scheduling Order) *with* doc. no. 73 (Defendants' Motion to Reconsider Order Granting Plaintiffs' Motion to Extend Scheduling Order Deadlines and Opposition to Plaintiffs' Motion). See also note 1, *supra*.

The substance of plaintiffs' argument for reviving their deadline for disclosing expert witnesses, and that they be permitted to name "rebuttal expert" witness(es), is contained in the following portion of their motion:

> 28.  The expert disclosure deadline should also be extended so that Plaintiffs have a fair opportunity to have their day in court. Discovery has revealed that the impact of Defendants' defamatory statements extended far beyond that realized by Plaintiffs at the time the case was filed, as evident through communications identified and produced by the Defendants.  The deposition of Curtis Brown — the former attorney for Plaintiffs now providing legal counsel to Defendant Feek, who was out of the country when his deposition was first noticed and remains to be deposed — is likely to reveal still further reach. Quantifying harm of that scale and breadth is not within the ordinary knowledge of a lay jury and will require expert testimony, and Plaintiffs could not have framed the scope of that analysis until the facts establishing the reach of the statements were developed through discovery.  On June 1, 2026, Defendants disclosed expert testimony, including the opinion of an expert characterizing the Homestead Heritage community as a coercive or "high-control" organization.  The current Scheduling Order, which set Plaintiffs' expert disclosures before Defendants', affords Plaintiffs no opportunity to disclose an expert to rebut those opinions.  Plaintiffs are entitled to respond to Defendants' expert testimony, see Fed. R. Civ. P. 26(a)(2)(D)(ii), and an extension is necessary to permit a rebuttal disclosure that the current schedule does not accommodate.  Plaintiffs could not have identified experts with sufficient information to offer informed opinions on these issues under the deadlines in the current Scheduling Order.

Doc. no. 71 (Plaintiffs' Motion to Extend Scheduling Order Deadlines), ¶ 28.

The Federal Rule of Civil Procedure referenced by plaintiffs addresses the topic of the "Disclosure of Expert Testimony," and the relevant portions read as

follows:

> (**D**) **Time to Disclose Expert Testimony**.  A party must make these [*i.e.*, expert witness] disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:
>
>> (**i**)  at least 90 days before the date set for trial or for the case to be ready for trial; or . . . .
>>
>> (**ii**) *if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure*.

Fed. R. Civ. P. 26(a)(2)(D)(ii) (alteration and emphasis supplied).

Defendants observe that plaintiffs failed to disclose an expert by the agreed-upon, extended deadline of March 1, 2026, and that plaintiffs also did not disclose a "rebuttal expert" within the thirty-day period following defendants' expert disclosure, as specified by Federal Rule of Civil Procedure 26(a)(2)(D)(ii).  Defendants argue, therefore, that the time for plaintiffs to disclose an expert witness should not be extended.

Defendants' arguments possess facial appeal.  Even so, the court concludes that plaintiffs should be allowed to disclose an expert witness (or witnesses) *limited to rebuttal of subjects addressed by the witnesses disclosed by plaintiffs on June 1, 2026*, and that the time for doing so should be extended for thirty days from the date

of the entry of this memorandum opinion.  To be clear, plaintiffs may not disclose expert witnesses generally, but are limited to rebuttal witnesses *only*.

A separate order, consistent with this memorandum opinion, will be entered contemporaneously herewith.

**DONE** this 21st day of July, 2026.

_____
Senior United States District Judge